Argued November 28, affirmed December 10, 1973

## STATE OF OREGON, *Appellant, v.* BOYD ROBERT BURNS AND RICHARD LEE SUNDQUIST (No. 20435), *Respondents.*

516 P2d 479

*John Hunnicutt,* Deputy District Attorney, St. Helens, argued the cause and filed the brief for appellant.

*Robert P. VanNatta,* St. Helens, argued the cause for respondents. With him on the brief were VanNatta & Petersen, St. Helens.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

This is an appeal by the state from an order of the trial court suppressing evidence. It appears from the order allowing the motion to suppress that a hearing on the motion was held at which testimony was produced by the state. However, the state in its designation of record designated from the transcript only that portion in which the court gave its reasons for allowing the motion to suppress. Thus we do not have before us the facts① from which to determine the correctness of the court's ruling.

■■ The state concedes in its brief that this was a warrantless search and that

"[t]he law is clear that a warrantless search is prima facie unreasonable. *State v. Keith,* 2 Or App 133, 140-41; 465 P2d 724 (1970). Furthermore, the State carries the burden, when the search is challenged by a Motion to Suppress, to show that there is some circumstance that would be sufficiently strong in the eyes of the law to overcome the constitutional guarantees against warrantless searches and seizures. Oreg. Const. Art. I, Sec. 9; U. S. Const. Amend. IV."

In ruling on the motion to suppress the court said:

"* * * I'm satisfied * * * there was not * * * probable cause, to go ahead and search the motor vehicle or ask for consent to go ahead and search. * * *"

This statement is erroneous. There is no requirement

---

① The state in its brief purports to set forth the facts surrounding the seizure but they are disputed by defendant and not supported by any record.

that an officer have probable cause to search before asking for consent to search. The state contends that the court's erroneous statement is ground for reversal. But to sustain the state's position and reverse the trial court, it is necessary to have before us facts from which it can be ascertained that valid consent to search was, in fact, given by defendants. Without a record which discloses these facts, we are unable to make this determination. Although the reason given by the court for its decision was erroneous, we cannot conclude the ruling was incorrect because the state failed to carry its burden of furnishing sufficient record to demonstrate otherwise.

Affirmed.