Argued and submitted September 23, affirmed December 4, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## MAURICE LEPRI JACKSON,
*Appellant.*

(9505-34029, CA A89702 (Control))

## STATE OF OREGON,
*Respondent,*

*v.*

## THANH D. HOANG,
*Appellant.*

(9504-32915, CA A90117)
(Cases Consolidated)

929 P2d 323

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellants. With her on the brief was Sally L. Avera, Public Defender.

Eleanor E. Wallace, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendants are juveniles who were convicted of crimes described in the mandatory sentencing provisions of Ballot Measure 11 (Measure 11), which the voters adopted at the 1994 general election.[1] Or Laws 1995, ch 2, *codified at* ORS 137.700 (amended by Or Laws 1995, ch 421, § 1; Or Laws 1995, ch 422, § 47). They were sentenced in accordance with its provisions.[2] On appeal, defendants challenge the applicability of Measure 11 to them on a number of statutory and constitutional grounds.[3] We affirm.[4]

Section 1 of Measure 11 provides, in part:

"(1)   When a person is convicted of one of the offenses listed in subsection (2) of this section and the offense was committed on or after April 1, 1995, the court shall impose, and the person shall serve, at least the entire term of imprisonment listed in subsection 2. The person is not, during the service of the term of imprisonment, eligible for release on post-prison supervision or any form of temporary leave from custody. The person is not eligible for any reduction in the sentence for any reason whatsoever under ORS 421.120, 421.121 or any other statute. The court may impose a greater sentence if otherwise permitted by law, but may not impose a lower sentence than the sentence specified in Section 2 [*sic*]. Notwithstanding any other provision of law, when a person charged with any of the

---

[1] These cases are among several Measure 11 challenges presently before this court. In *State v. Lawler*, 144 Or App 456, 927 P2d 99 (1996), we rejected some of the arguments that defendants raise. We will therefore discuss only those arguments that the defendant in *Lawler* either did not make or made in a significantly different form.

[2] Because defendants committed the acts that led to these cases in April and May 1995, we base our analysis on Measure 11 and the relevant juvenile statutes in their unamended forms. *See Lawler*, 144 Or App at 458 n 3.

[3] Other than their attacks on Measure 11, defendants do not challenge the factual or procedural bases for their convictions, nor do they attack the application of Measure 11 to their specific circumstances. The facts of their offenses are not relevant to the issues that we decide.

[4] The issues that defendants raise involve questions of law rather than of fact, and we review them as such. That does not mean, as defendants incorrectly state, that our review of questions of law is "de novo." *See Trabosh v. Washington County*, 140 Or App 159, 163 n 6, 915 P2d 1011 (1996); *see also Stubbs v. Weathersby*, 320 Or 620, 635 n 8, 892 P2d 991 (1995) (applying distinction).

offenses listed in subsection 2 of this section is 15, 16 or 17-years of age, at the time the charges are filed, that person shall be tried as an adult." Or Laws 1995, ch 2, § 1.

Subsection 2 establishes minimum sentences for a number of crimes.

Defendant Jackson was convicted of second degree assault. Defendant Hoang was convicted of second degree robbery. Under the sentencing guidelines, the presumptive sentence for Jackson was 16 to 18 months' imprisonment, with the option of probation if the court made certain findings; the presumptive sentence for Hoang was 180 days' probation, of which 90 days could have consisted of incarceration. Under Measure 11, the mandatory minimum sentence for each defendant was 70 months' imprisonment, which is what each received.

■ Defendants argue that the circuit court was without jurisdiction to try them on these charges, because the juvenile court had exclusive jurisdiction and never waived them to the circuit court. That argument fails for the reasons that we described in *State v. Lawler*, 144 Or App 456, 460-63, 927 P2d 99 (1996).

■ Defendants assert that Measure 11 violates the single subject requirement of Article IV, section 2(d), of the Oregon Constitution, because it

"both established mandatory minimum sentences for certain violent offenders, and substantially amended the juvenile code to eliminate a class of juvenile offenders from the juvenile code's protection."

These separate effects, defendants argue, constitute distinct subjects that could not be combined in a single initiative measure. Their argument that Measure 11's effect on the juvenile code is a separate subject from establishing minimum sentences for violent offenders is an expansion of the argument that the defendant made in *Lawler* and requires further discussion.

Article IV, section 1(2)(d), provides in part that a "proposed [popularly initiated] law or amendment to the Constitution shall embrace one subject only and matters properly connected therewith." The Supreme Court has held

that the interpretation of this provision should be the same as the interpretation of Article IV, section 20, which establishes a similar requirement for laws that the legislature enacts. *OEA v. Phillips*, 302 Or 87, 100, 727 P2d 602 (1986); *but see id.*, 302 Or at 106-08 (Linde, J., concurring) (discussing possible reasons for interpreting the two provisions differently). It recently described the appropriate way to analyze single subject challenges arising under Article IV, section 20. That analysis consists of two steps:

"(1)   Examine the body of the act to determine whether (without regard to an examination of the title) the court can identify a unifying principle logically connecting all provisions in the act, such that it can be said that the act 'embrace[s] but one subject.'

"(2)   If the court has *not* identified a unifying principle logically connecting all provisions in the act, examine the title of the act with reference to the body of the act.[5] In a one-subject challenge to the body of an act, the purpose of that examination is to determine whether the legislature nonetheless has identified, and expressed in the title, such a unifying principle logically connecting all provisions in the act, thereby demonstrating that the act, in fact, 'embrace[s] but one subject.' " *McIntire v. Forbes*, 322 Or 426, 443-44, 909 P2d 846 (1996) (emphasis and brackets in original).

Under this test, Measure 11 passes defendants' single subject challenge. The unifying principle that logically connects all provisions of the act is requiring minimum sentences for persons who commit certain violent felonies. *See Lawler*, 144 Or App at 465-66. The final portion of section 1 expressly extends that purpose to all juveniles who are aged 15, 16, or 17 at the time charges are filed. That action necessarily modified the treatment that such juveniles would otherwise receive and raised a number of questions about the continuing application of the juvenile code to their cases.[6] In

---

[5] Article IV, section 20, requires that the subject of a statute that the legislature enacts be "expressed in the title." The Supreme Court therefore looks to the title for aid in determining the subject of such a legislative enactment. Because Article IV, section 2(d), does not have a similar provision, that part of the Supreme Court's test applies to popularly initiated measures only if they in fact have a title.

[6] Defendants did not raise those questions in a way that makes it necessary for us to decide them at this time.

1995, the legislature adopted a number of amendments to conform the juvenile code to the requirements of Measure 11 as the legislature understood them. Or Laws 1995, ch 422, §§ 47-49.

■ Under Article IV, section 1(2)(d), an initiated measure may contain, in addition to its single subject, other matters that are properly connected to that subject. *See OEA*, 302 Or at 100. In *OEA*, the Supreme Court held that changing from a dollar-based property tax limitation system to a rate-based system combined with a limitation on increases in assessed valuation was properly connected to the subject of the initiative, which it identified as ad valorem tax limitation. In the same way, provisions for the distribution of taxes for the first fiscal year of the measure's operation, for an override of the limitation, and limiting the number of tax elections were properly connected to that subject. 302 Or at 101-02.

> "Most measures dealing with a complex and emotional subject will present those kinds of choices [between voting for a measure that the voter generally approves at the cost of accepting a provision that the voter opposes], but that does not mean that the measure embraces matters not connected with its subject." 302 Or at 102.

In this case, the subject of Measure 11 is mandatory sentencing for certain violent offenders. Those offenders include persons whose cases otherwise would at least originate in the juvenile system. Although modifying the juvenile system to remove persons charged with such offenses from its purview may not be within the subject of the measure, it is properly connected to that subject. That a subsequent legislature believed it necessary to adopt specific amendments to bring the juvenile system into line with the voters' actions may show poor draftsmanship by the sponsors of Measure 11, but it does not mean that the measure contains more than one subject and matters properly connected therewith.

■ Defendants' next argument is that Measure 11 violates the separation of powers provision of Article III, section 1, of the Oregon Constitution and unduly burdens the judicial system, in violation of Article VII (Amended), section 1. The state points out that defendants raised only the Article

III, section 1, issue at the trial court. For that reason, and because their arguments are primarily appropriate to that claim, it is the only one that we consider.

At the heart of defendants' argument is the assertion that Measure 11 prevents a sentencing court from exercising the essential judicial power of taking all the circumstances of the crime and of the defendant into account when passing sentence. Although a court is still able, in some circumstances, to impose a sentence that is greater than the one that Measure 11 provides, it cannot impose a sentence that is less. Defendants point out that, when we upheld the sentencing guidelines against a separation of powers challenge, we noted that the trial court could give due consideration to the mitigating and aggravating factors of each case in determining whether to impose a sentence at the high or the low end of the appropriate range or to impose a departure sentence. *State v. Spinney*, 109 Or App 573, 578, 820 P2d 854 (1991), *rev dismissed* 313 Or 75 (1992).

■ What defendants fail to mention is that in *Spinney* we also stated that "a legislative determination that a certain sentence must be imposed on a convicted individual does not violate the separation of powers requirement" and that

"[i]t is within the legislature's power to establish criminal penalties, whether mandatory minimum sentences or a range of possible sentences. That does not impair or destroy the power of the judiciary to adjudicate, pronounce a judgment or carry it into effect." 109 Or App at 578.

To the degree that defendants' arguments in this regard may have merit, they are based on the implicit assertion that the Measure 11 sentences that defendants received are cruel and unusual or that they are disproportionate to the offense, either on their face or as applied, in violation of Article I, section 16, of the Oregon Constitution. Defendants do not make that argument directly, and their attempt to insert it into their separation of powers assignment of error is unavailing. Other than our disposition of the specific argument that the defendant made in *Lawler*, 144 Or App at 469-70 we do not suggest how we would view such an argument if it were properly presented.[7]

---

[7] Measure 11 also does not unconstitutionally shift power over sentencing to the prosecuting attorney. A prosecutor has the same discretion concerning what

■    Defendants' final argument is that the mandatory sentences of Measure 11 violate the requirement in Article I, section 15, of the Oregon Constitution that laws for the punishment of crime be founded on the principles of reformation rather than vindictive justice. In *Lawler*, we resolved that contention adversely to their position. 144 Or App at 466-69.[8]

Affirmed.

---

charges to bring that he or she always did; that Measure 11 may affect the consequences of that decision does not mean that the prosecutor has become the sentencer. Measure 11, thus, is unlike the statute considered in *People v. Tenorio*, 3 Cal 3d 89, 89 Cal Rptr 249, 473 P2d 993 (1970), under which a trial court could not strike allegations of prior convictions, which affected the defendant's sentence if convicted, except on the prosecutor's motion, thereby giving the prosecutor control over an inherently judicial function.

[8] We note that at the 1996 general election the voters approved an amendment to Article I, section 15, that may be relevant to this issue. We express no opinion on the effect of that amendment.