Argued and submitted May 28, affirmed July 2, 1997, petition for review denied January 27, 1998 (326 Or 390)

# STATE OF OREGON,
*Respondent,*

*v.*

# BLAIR LEE RHODES,
*Appellant.*

(C9509-36928; CA A92409)

941 P2d 1072

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant appeals his sentence for sexual abuse in the first degree. He contends that the trial court erred in imposing the mandatory minimum sentence of 75 months as prescribed by ORS 137.707.[1] We review the trial court's imposition of sentence for errors of law, ORS 138.222(4)(a), and affirm. *State ex rel Huddleston v. Sawyer,* 324 Or 597, 601-08, 932 P2d 1145 (1997).

The facts are not in dispute. On September 5, 1995, defendant's mother called the police because she believed that her son was sexually molesting her daughter, and she wanted to get treatment for him. Two officers responded to the home and interviewed both the 15-year-old defendant and the 9-year-old victim. After he was advised of his rights under *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966), defendant confessed that, on about 20 occasions in 1995, he rubbed his sister's vagina underneath her clothes, as she lay in a light sleep in her bed at night. Defendant also stated that he had engaged in this activity approximately three days earlier and that none of the touches involved penetration. Defendant did not know why he did it except that he wanted to "see what would happen."

Defendant was taken into custody and charged with sexual abuse in the first degree. He was tried as an adult, and the two police officers and the victim testified. The trial court

---

[1] ORS 137.700 *et seq* is the codified form of Ballot Measure 11 approved by voters in the November 1994 general election and, by its own terms, was effective April 1, 1995. *See State v. Lawler,* 144 Or App 456, 458 n 3, 927 P2d 99 (1996).

ORS 137.707 provides, in part:

"(1) Notwithstanding any other provision of law, when a person charged with * * * an offense listed in subsection (4) of this section is 15, 16 or 17 years of age at the time the offense is committed, and the offense is committed on or after April 1, 1995, the person shall be prosecuted as an adult in criminal court.

"(2) When a person charged under this section is convicted of an offense listed in subsection (4) of this section, the court shall impose at least the presumptive term of imprisonment provided for the offense in subsection (4) of this section. * * *

"* * * * *

"(4) * * *

"(p) Sexual abuse in the first degree, as defined in ORS 163.427 * * * 75 months[.]"

found defendant guilty of sexual abuse in the first degree[2] and determined that the offense was subject to the sentencing provisions of ORS 137.707.

Evidence taken during the sentencing phase indicated that there were treatment programs available in the community and that defendant would participate in treatment. The trial court declared that, although the sentence of 75 months' imprisonment "is going to be harmful to both [defendant and society] in the long run, and frankly, in the short run," it was not cruel and unusual, nor disproportionate, even as applied to a youthful first offender amenable to treatment. The trial court stated for the record that, in the absence of the command of ORS 137.707, it would order a sentence of 10 years' probation, subject to 10 special conditions, including no unsupervised contact with children, sex offender treatment and sex offender registration.

Defendant assigns error to the imposition of his sentence under ORS 137.707. Most of his arguments already have been rejected by the Oregon Supreme Court and this court. The Supreme Court has declared that ORS 137.700 *et seq*, is facially constitutional with respect to challenges under the Oregon Constitution Article I, sections 11, 15 and 20; Article III, section 1; and Article VII, section 1; and with respect to challenges based on the Guarantee and Equal Protection clauses of the United States Constitution. *Huddleston*, 324 Or at 630. We have held that ORS 137.700 *et seq* does not violate the single-subject limitation in Article IV, section 1(2)(d), of the Oregon Constitution. *State v. Jackson / Hoang*, 145 Or App 27, 32, 929 P2d 323 (1996); *State v. Lawler*, 144 Or App 456, 465, 927 P2d 99 (1996). We also have rejected the claim that ORS 137.700 *et seq* denies a defendant effective assistance of counsel at sentencing. *State v. Parker*, 145 Or App 35, 39, 929 P2d 327, *rev den* 324 Or 654 (1997).

---

[2] ORS 163.427 provides:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"(A) The victim is less than 14 years of age;

"* * * * *

"(2) Sexual abuse in the first degree is a Class B felony."

■ Defendant's remaining argument is that the sentence of 75 months in a state penitentiary for his sexual abuse conviction violates *former* Article I, section 15, *amended* Article I, section 15, and Article I, section 16, of the Oregon Constitution.[3] He contends that, because the sentencing court stated that a 75-month term of imprisonment is likely to make defendant more dangerous and therefore would be harmful to society in the long run, the sentence violates the constitutional command to reform contained in *former* Article I, section 15, and the command to protect society contained in *amended* Article I, section 15. We disagree.

In *Tuel v. Gladden*, 234 Or 1, 6, 379 P2d 553 (1963), the Supreme Court upheld a life sentence for a habitual criminal who challenged it under *former* Article I, section 15, and held that "reformation need not be sought at substantial risk to the people of the state." The court also held that the protection of society "does not have to be expressed in the constitution as it is the reason for criminal law." *Tuel,* 234 Or at 6. Here, defendant repeatedly abused his half-sister sexually, before and after being disciplined by his mother for doing so. Nothing in *former* Article I, section 15, prohibits society from being protected from offenders such as defendant for 75 months. Furthermore, the Supreme Court has called into question whether *former* Article I, section 15, provides the basis for the kind of "as applied" challenge defendant raises. *See Huddleston,* 324 Or at 613 ("Nothing in *Tuel* suggests that the choice of a sentence must differ from criminal to criminal because of Article I, section 15."). Finally, although defendant mentions *amended* Article I, section 15, he does not clearly assert that it has any application to this case.

---

[3] *Former* Article I, section 15, provided:

"Laws for the punishment of crime shall be founded on the principles of reformation, and not of vindictive justice."

Article I, section 15, as amended by Ballot Measure 26 enacted by the voters in the November 1996 general election, provides:

"Laws for the punishment of crime shall be founded on these principles: protection of society, personal responsibility, accountability for one's actions and reformation."

Article I, section 16, provides, in part:

"Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense * * *."

■■ We turn to defendant's contention that his sentence violates Article I, section 16. The test for determining whether a sentence violates that constitutional provision is whether the sentence is "so disproportionate to the offense as to shock the moral sense of all reasonable persons as to what is right and proper." *State v. Isom*, 313 Or 391, 401, 837 P2d 491 (1992). Defendant argues that the sentence imposed on him by the trial court fails the *Isom* test, because defendant has "no prior criminal adjudications" and, but for ORS 137.707, the trial court would have imposed a sentence of optional probation.

In *State v. George*, 146 Or App 449, 934 P2d 474 (1997), we rejected the argument that a 70-month sentence for robbery in the second degree, which is a Category 6 crime on the sentencing guidelines grid, imposed pursuant to ORS 137.700(2)(r), violates Article I, section 16. We reasoned that if a 12-year sentence for forgery, coupled with a three-year consecutive term for uttering and publishing a false check when the defendant had no substantial criminal record, was not shocking, *State v. Teague*, 215 Or 609, 336 P2d 338 (1959), "neither is 70 months for second degree robbery, particularly when a firearm has been used." *George*, 146 Or at 457. The same reasoning applies here. Defendant's 75-month sentence for first-degree sexual abuse, which is a Category 8 crime on the sentencing guidelines grid, is not so disproportionate as to shock the moral sense of all reasonable persons, particularly in the light of defendant's admission that he abused his half-sister more than 20 times after being disciplined by his mother for that behavior. Information contained in the presentence investigation report, which describes conduct considerably more egregious, supports our conclusion. *See* ORS 137.077(1) (appellate judges are to disclose information from the presentence report only if necessary for legal analysis of the case or to report the reasoning of the court).

Affirmed.