Argued and submitted November 25, 1996, affirmed September 10, petition for review denied December 16, 1997 (326 Or 234)

STATE OF OREGON,
*Respondent,*

*v.*

KEVIN BRADLEY VanNATTA,
*Appellant.*

(10-95-04332A; CA A91014)

945 P2d 1062

William N. Kent argued the cause and filed the brief for appellant.

Eleanor E. Wallace, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before De Muniz, Presiding Judge,* and Landau and Leeson, Judges.

DE MUNIZ, P. J.

---

* De Muniz, P. J., *vice* Richardson, C. J.

## DE MUNIZ, P. J.

Following a trial to a jury, defendant was convicted of two counts of robbery in the first degree. ORS 164.415. He was sentenced to 90 months for each offense, to run concurrently, pursuant to Ballot Measure 11, the voter initiative that mandates minimum sentences for serious offenses, including ORS 164.415. On appeal, defendant contends that the trial court erred by refusing to admit character evidence relating to his defense of duress and that Measure 11 violates several provisions of the Oregon and United States Constitutions. We affirm.

Defendant and two others, Reniff and Jacobson, planned and robbed the Selco Credit Union in Eugene. Defendant and Reniff entered the credit union wearing ski masks. Reniff brandished a .38 caliber gun and defendant carried a duffle bag. While Reniff held the people in the building at gunpoint and shouted instructions, defendant told the tellers to put money in the duffle bag. Defendant and Reniff fled the scene on bicycles but were apprehended quickly.

Before trial, defendant gave notice of his intent to raise the defense of duress, claiming that codefendant Reniff pressured him into committing the offense. Defendant wanted to admit testimony relating to his submissive character, on the theory that duress contains a subjective element, therefore making his character traits relevant. The state objected, and, on its motions, the character evidence was excluded. Defendant's offer of proof included a letter from psychologist Dr. James McDonald, who declared defendant was "submissive, and readily influenced by a forceful or coercive significant other." At trial, defendant's defense of duress consisted of his own testimony that Reniff had stated that he would shoot defendant if he did not carry out the robbery.

■ In his first assignment of error, defendant argues that the trial court erred by granting the state's motion to exclude the character evidence. The state contends that the trial court did not err because character is not an essential element of the defense of duress. We review for legal error. *See Fugate v. Safeway Stores, Inc.*, 135 Or App 168, 173, 897

P2d 328 (1995) (questions of admissibility of evidence based purely on considerations such as relevance are reviewed as questions of law).

■ Defendant argues that character is an essential element of the defense of duress and, thus, relevant under the Oregon Evidence Code Rule 404(1), which provides that character evidence is "admissible when it is an essential element of a charge, claim or defense." The defense of duress, contained in ORS 161.270(1), provides that

> "[t]he commission of acts which would otherwise constitute an offense * * * is not criminal if the actor engaged in the proscribed conduct because the actor was coerced to do so by the use or threatened use of unlawful physical force upon the actor or a third person, which force or threatened force was of such nature or degree to overcome earnest resistance."

According to defendant, because the defense of duress is based on the fear of physical force, an individual's susceptibility to coercion, or character of submissiveness, is relevant. Under his rationale, any characteristics that make defendant more susceptible to coercion are relevant in determining if the force was such that it overcame the resistance he was capable of exercising.

Defendant relies on *State v. Ellis*, 232 Or 70, 374 P2d 461 (1962), for his broad interpretation of the defense of duress. In *Ellis*, the defendant raised the defense to a charge of kidnaping of a police officer, claiming that he was forced to participate solely because the codefendant forced him to do so at gunpoint. *Id.* at 84. Discussing the defendant's defense of duress, the Supreme Court stated:

> "Fear of death or of bodily injury is not, of itself, enough. The fear must be a well grounded one. In order to determine whether the fear which defendant claims he experienced was well grounded it is again necessary to take into consideration the entire circumstances." *Id.* at 86.

Defendant here argues that the "entire circumstances" to be considered should have included testimony regarding his submissive character.

Defendant's reliance on *Ellis* is misplaced. *Ellis* did not interpret ORS 161.270(1). The statutory defense is available only if a defendant "was coerced to [commit the act] by use or threatened use of unlawful physical force * * * of such nature or degree to overcome *earnest resistance*." (Emphasis supplied.) Earnest resistance is a generalized standard; it is not measured by a defendant's individual personality traits. The trial court was correct that whether defendant was a timid individual easily coerced is not relevant to whether, at the time of the robbery, defendant was subjected to a physical force of such a degree as to overcome earnest resistance. The evidence was properly excluded.

In defendant's second assignment of error, he asserts that his sentence pursuant to Measure 11 violates several constitutional provisions, including: Article III, section 1; Article VII, section 1 (Amended); Article VII, section 17; Article I, section 15; Article I, section 16; and Article I, section 11, of the Oregon Constitution; and the Eighth and Fourteenth Amendments to the United States Constitution.

Defendant's arguments under Article I, section 11, of the Oregon Constitution and the Due Process Clause of the Fourteenth Amendment were not raised below and are not properly preserved for our review. ORAP 5.45(2). Defendant argues that Measure 11 transfers power from the judiciary to the executive, causing the prosecutor to become both "charger and sentencer," in violation of Article VII (original), section 17, of the Oregon Constitution. However, defendant's argument under that section is not properly before us because he does not distinguish between the amended and original versions of Article VII. Article VII (original), section 17, is now purely statutory. *See* Or Const, Art VII (original) (note and commentary).

Defendant's remaining constitutional arguments have been rejected and do not merit further discussion. *State ex rel Huddleston v. Sawyer*, 324 Or 597, 614-17, 932 P2d 1145 (1997) (determining that Measure 11 does not violate separation of powers principles in Article III, section 1, and Article VII, section 1, of the Oregon Constitution); *State v. Jackson/Hoang*, 145 Or App 27, 33, 929 P2d 323 (1996) (same); *State v. George*, 146 Or App 449, 456, 934 P2d 474

(1997) (determining that Measure 11 does not violate the prohibitions against cruel and unusual punishment and disproportionate sentences contained in Article I, section 16, of the Oregon Constitution, and the Eighth Amendment to the United States Constitution); *State v. Lawler*, 144 Or App 456, 469, 927 P2d 99 (1996) (determining that Measure 11 does not violate the "Reformation Clause" contained in Article I, section 15, of the Oregon Constitution); *Jackson/Hoang*, 145 Or App at 34 (same).

Affirmed.