Argued and submitted May 28, affirmed September 10, 1997

STATE OF OREGON,
*Respondent,*

*v.*

RUSSELL JOSEPH THOMAS,
*Appellant.*

(95081991; CA A92219)

945 P2d 1056

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant appeals his convictions for two counts of sexual abuse in the first degree, ORS 163.427, contending that the trial court erred in excluding defendant's evidence offered for the purpose of showing defendant's character for decency and morality and challenging the constitutionality of Ballot Measure 11, adopted by the people in 1994 and codified at ORS 137.700, pursuant to which he was sentenced to 75 months' incarceration on each count, with 45 months' post-prison supervision. We affirm.

Defendant was charged with two counts of sexual abuse in the first degree for allegedly touching the vaginal areas of two girls, ages seven and five, whom he was babysitting in his home. Defendant filed a pretrial motion *in limine* seeking a ruling with regard to the admissibility of the character evidence, and the trial court deferred ruling on the issue. During trial, defendant raised the issue again and made an offer of proof in the form of the testimony of his fiancee, with whom defendant had been living for the past two-and-one-half years:

"Q. Have you formed an opinion concerning [defendant's] general character for decency and morality as it relates to what he's been charged with in this case, sexually abusing two young girls?

"A. Do I know if he did—whether I feel he did it or not? Is that what [you're] asking?

"Q. No. I'm asking whether you have an opinion concerning his character, his character as a person concerning decency and morality.

"A. Well, I know he is a decent man, and I know his morality is—he wouldn't do something like that. It's not in him to do it.

"Q. Just as far as his general character for what we call a propensity to commit sexual abuse on young girls of the age of five and seven, what is your opinion?

"A. He couldn't do it."

Defendant's counsel argued to the court that the evidence was offered pursuant to OEC 404(2)(a),[1] as evidence of a trait

---

[1] OEC 404(2) provides, in pertinent part:

of character pertinent to the crime of sexual abuse. The court excluded the evidence. On appeal, defendant argues that the evidence was character evidence with regard to defendant's morality and decency and that it was relevant to the charges of sexual misconduct.

Although character evidence is not generally admissible to prove that a person has acted in conformity with his or her character on a particular occasion, OEC 404(2) provides that a criminal defendant may offer evidence of his own character for that purpose, if the nature of that character trait is pertinent to the crime charged. OEC 405 describes the form that proof must take.[2] In *State v. Marshall*, 312 Or 367, 371, 823 P2d 961 (1991), the court described the proper framework for the inquiry when character evidence is offered. First, the court inquires whether the evidence is really character evidence at all. *Marshall*, 312 Or at 371. If the evidence is not true character evidence, then the inquiry under OEC 404(2) is at an end, and the evidence must be admissible under some other portion of the evidence code if it is to be received at all. *Id.* If the evidence is true character evidence, then the court determines whether any portion of OEC 404(2) will permit that evidence to be introduced to demonstrate the person's propensity to act in conformity with that character on a particular occasion. *Id.* Finally, if the evidence is proper character evidence, the court must determine whether that evidence is offered in the proper form under OEC 405. *Id.*

■■ Defendant assigns error to the trial court's exclusion of the entire offer of proof. If any part of it was properly excluded, then there was no reversible error. *State v.*

"Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

"(a) Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same."

[2] OEC 405(1) provides, in pertinent part:

"In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instance of the conduct of the person."

*Howard*, 49 Or App 391, 397, 619 P2d 943 (1980) (when a single offer of proof contains both admissible and inadmissible material, it is not error for the court to reject the entire offer). Here, much of the offer of proof was inadmissible. The witness's testimony that defendant "wouldn't do something like that," or "He couldn't do it," are not opinions about defendant's character but opinions about whether he committed the crime. It is the jury's responsibility to decide that question, and the testimony therefore was inadmissible. *See State v. Parks*, 71 Or App 630, 635, 693 P2d 657 (1984). Because those portions of the offer of proof were not admissible, the trial court committed no reversible error in excluding the entire offer of proof, even if it does contain admissible character evidence, which we do not decide.

Defendant's contentions with regard to the constitutionality of Ballot Measure 11, relating to sentencing, have been disposed of in *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145 (1997); *State v. Lawler*, 144 Or App 456, 469, 927 P2d 99 (1996); and *State v. Jackson/Hoang*, 145 Or App 27, 929 P2d 323 (1996), and we need not revisit those issues here.

Affirmed.