Argued and submitted June 22, appeal from November 10, 1997, judgment
dismissed as moot; otherwise affirmed December 8, 1999

## STATE OF OREGON,
*Appellant,*

*v.*

## ANDRE DESHAWN LAVERT,
*Respondent.*

## (9706-34576; CA A100298 (Control), A101037)

991 P2d 1067

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Stephen J. Williams, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

## EDMONDS, P. J.

The state appeals from a judgment imposing sentence on a felony conviction. Defendant was charged with two counts of robbery in the second degree involving the same victim and incident. ORS 164.405.[1] Defendant was acquitted by a jury verdict on the first count, ORS 164.405(1)(a) (dangerous or deadly weapon), and convicted on the second count, ORS 164.405(1)(b) (aided by another). At the time of sentencing, the trial court refused to impose the 70-month minimum sentence mandated by Measure 11, which has been codified as ORS 137.707(4)(a)(R). The trial court ruled that the statute was unconstitutional as applied to defendant under Article I, section 15, and Article I, section 16, of the Oregon Constitution. Accordingly, the court imposed a probationary sentence and entered a final judgment on November 10, 1997. The state appealed in December 1997 from that judgment.

On February 6, 1998, defendant stipulated to being in violation of his probation, and, thereafter, the trial court revoked the probationary sentence. At the sentencing hearing on February 12, 1998, the court again refused to impose the 70-month minimum sentence prescribed by ORS 137.707(4)(a)(R) and instead imposed a six-month sentence

---

[1] ORS 164.405 provides:

"(1) A person commits the crime of robbery in the second degree if the person violates ORS 164.395 and the person:

"(a) Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or

"(b) Is aided by another person actually present.

"(2) Robbery in the second degree is a Class B felony."

ORS 164.395 provides:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft.

"(c) Robbery in the third degree is a Class C felony."

under the sentencing guidelines. The state also appeals from the resulting judgment.

■ As an initial matter, we dismiss the appeal from the November 10, 1997, judgment as moot. *State v. Bowman*, 160 Or App 8, 14, 980 P2d 164 (1999). Therefore, we turn to the state's assignment of error as it relates to the remaining judgment.

The state argues that Measure 11 is not unconstitutional as applied to defendant because "in light of defendant's crimes and his particular circumstances" a 70-month sentence does not "shock the moral sense of all reasonable men as to what is right and proper under the circumstances." The state contends that "nothing about the *factual circumstances of this crime* warrants a less severe punishment" and that nothing about "defendant's particular personal circumstances" supports the proposition that he is constitutionally entitled to less severe punishment. (Emphasis in original.)

Defendant first asserts that the state's arguments cannot be reviewed by this court "because the state has failed to designate relevant portions of the record necessary for this court to review the trial court's ruling." Defendant criticizes the state's reliance on the presentence investigation report in setting forth the facts of the crime and points to disagreements between the prosecutor and trial court during the sentencing hearing over the court's interpretation of the evidence produced at trial.[2] Defendant concludes that "[s]ince there were disputes concerning the facts at trial, this court is in no position to properly evaluate the trial court's conclusion * * * without reviewing the transcript of the trial. * * * It is the state's burden to present this court with a record that is adequate to resolve the claim of error." The state responds that the basic facts about the crime are not in dispute, although it concedes that "[t]here is some dispute about how it happened."

■ It is the state's burden as appellant to furnish a sufficient record to demonstrate that the trial court's ruling was incorrect. *State v. Burns / Sundquist*, 15 Or App 590, 516 P2d

---

[2] The same judge presided at the trial, the sentencing hearings, and the probation violation hearing.

479 (1973); *see also Reeves v. National Hydraulics Co.*, 53 Or App 639, 642, 632 P2d 1306 (1981). In *State v. Bonner*, 66 Or App 1, 6, 672 P2d 1333 (1983), we said,

> "If the appeal is only to be or will include a challenge to the sentence imposed, a full transcript of the evidentiary portions of the trial must be provided, as well as testimony presented on pretrial motions, if requested and if those matters were considered by the same judge who heard the trial."

In this case, the trial court record indicates that a jury trial took place and that the jury returned its verdict on August 5, 1997. Although it is not absolutely clear from the trial court record, enough indications appear in the trial court file and in the order to support the conclusion that sentence-related hearings took place on October 16 and 22. In addition, further proceedings took place on November 10, and on that date the trial court signed a "temporary sentencing order." That order was followed by a "judgment of conviction and sentence" signed on December 12 with a *nunc pro tunc* date of November 10. As stated above, a sentencing hearing also took place on February 12, 1998, following the revocation of defendant's probationary sentence.

In *Cannon v. Gladden*, 203 Or 629, 632, 281 P2d 233 (1955), the court said that, in an Article I, section 16, challenge,

> "[t]he question presented is whether the penalty * * * is * * * so disproportioned to the offense as to shock the moral sense of all reasonable men as to what is right and proper[.]"

In reviewing trial courts' sentencing determinations in recent "as applied" challenges to Measure 11, this court has considered the evidence presented at trial and the evidence contained in the presentence investigation report and adduced during the sentencing phase. *See, e.g., Bowman*, 160 Or App at 10-11 (referring to testimony at trial and facts the jury could have found after trial); *State v. Silverman*, 159 Or App 524, 527-31, 977 P2d 1186 (1999) (referring repeatedly to the record before the sentencing court); *State v. Rhodes*, 149 Or App 118, 121, 123, 941 P2d 1072 (1997), *rev den* 326

Or 390 (1998) (referring to evidence at trial, information contained in the presentence investigation report, and evidence taken during the sentencing phase). Thus, the record on appeal must be sufficient to permit us "to step into the shoes" of the trial court and to view the same record that was before it.[3]

■ The state designated as the record: (1) "the record of the sentencing hearing, including the trial court file, all exhibits, and transcripts of the hearing held on November 10, 1997"; (2) "the record of PROBATION VIOLATION HEARING, including the trial court file, all exhibits, and transcripts of the hearing held on February 12, 1998"; and the presentence investigation report. Neither the transcript from the trial nor transcripts from the hearings held in October were designated as part of the record on appeal, even though the trial court had the benefit of information relating to the offense and defendant from those proceedings. The judgment states,

> "[a]fter the jury verdict, the court reviewed the pre-sentence report, reviewed motions and memoranda by defense counsel and the State and heard arguments on *two* occasions from defense counsel and the State regarding the applicability of Ballot Measure 11 to this case." (Emphasis added.)

Also, the transcript from the November hearing indicates that the state incorporated by reference the record of the previous hearings:

> "THE COURT: Any further comments before the Court orders the sentence in this case?
>
> "[DEFENSE COUNSEL]: I don't believe I have any further comments, Judge, other than the arguments we made last time, the material we submitted.
>
> "* * * * *

---

[3] In construing Article I, section 16, the court held in *State v. Ross*, 55 Or 450, 474, 104 P 596, 605, 106 P 1022, *appeal dismissed* 227 US 150, 33 S Ct 220, 57 L Ed 458 (1913), that

> "[t]here can be no question that a sentence may be excessive, even though within the maximum of the statute, but if excessive, it is within the power of the appellate court to enforce this provision of the Bill of Rights, and avoid the judgment so far as it is excessive."

> "[DEPUTY DISTRICT ATTORNEY]: We also want to incorporate all our prior recording of prior hearings of October 22nd and 16th and at the time of September 3rd and at the time of trial on August 4th."

In addition, the trial court explained at that November hearing its thoughts on the sentencing issue:

> "[M]y view of it is that the facts in *Bowman* were considerably more egregious than *what I heard as evidence in this courtroom.* This case, in my view, presents a far more compelling case for a finding as applied of unconstitutionality.
>
> "\* \* \* \* \*
>
> "The constitution of our state, Article I, Section 16, provides cruel and unusual punishment shall not be inflicted, number one. Number two, it says, 'But all penalties shall be proportioned to the offense.' It doesn't say 'proportioned to the crime category;' it says 'proportioned to the offense.'
>
> "Someone offends when they break the law. But the circumstances of the offense seem to me to be a critical and crucial consideration in applying an appropriate sentence for criminal behavior, and 70 months for Andre Lavert is not appropriate and constitutionally allowed sentence on the facts in this case, quote, as applied, unquote." (Emphasis added.)

In sum, the trial court in declining to impose the Measure 11 sentence referred to having held two hearings on the sentencing issue and expressly stated that it had considered the evidence presented at trial, "the circumstances of the offense" and "the facts in this case."

■ Nonetheless, the state argues that the presentence investigation report "sets forth all facts as set forth in the jury verdict." A presentence investigation report is made available to "[t]he sentencing court for the purpose of assisting the court in determining the proper sentence to impose[.]" ORS 137.077. The state does not cite any authority, nor are we aware of any, for the proposition that the facts relating to the offense and offender as found in the presentence investigation report are binding on the trial court or a reviewing appellate court. *Cf. State v. Biles,* 287 Or 63, 69-70, 597 P2d

808 (1979) (observing that "[t]he requirement of a presentence report ensures that the trial judge will have the information necessary to make a responsible decision"). Nor are we aware of any special verdict form in this case where the jury set forth findings of fact that would operate to bind a sentencing court. The presentence investigation report could be helpful to us, but it does not suffice to replace information in the transcripts of the missing proceedings upon which the trial court may have relied in imposing the sentence or that may support the trial court's reasoning. As a result, we cannot review the trial court's determination that the 70-month sentence required by ORS 137.707(4)(a)(R) is unconstitutional as applied to defendant.

Appeal from judgment of November 10, 1997, dismissed as moot; otherwise affirmed.