Argued and submitted November 19, 2015, reversed and remanded for merger of guilty verdict for attempted murder into one of the guilty verdicts for attempted aggravated murder; remanded for resentencing, otherwise affirmed June 8, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICO CARLOS NEWMANN,
aka Rico Carlos Newman,
*Defendant-Appellant.*

Multnomah County Circuit Court
120431780; A156610

375 P3d 551

Eric Johansen, Deputy Public Defender, argued the cause for appellant. With him on the opening and reply brief was Peter Gartlan, Chief Defender, Office of Public Defense Services. Rico Carlos Newmann filed the supplemental brief *pro se.*

Timothy Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and David B. Thompson, Assistant Attorney General.

Before Duncan, Presiding Judge, and DeVore, Judge, and Wollheim, Senior Judge.

**DEVORE, J.**

In this criminal case, defendant challenges the trial court's entry of separate convictions without merging the guilty verdicts for a number of offenses. We address only defendant's fourth assignment of error, in which he argues that the trial court erred by entering three separate convictions—two for attempted aggravated murder and one for attempted murder—based on only two attempts to shoot a single victim. Exercising our discretion to review for plain error, we agree that the court entered too many separate convictions based on the two attempts to shoot a single victim, and we therefore reverse and remand for merger and for resentencing.

We take the pertinent facts from defendant's presentence investigation report (PSI). Because defendant pleaded no contest to the charges, it was the only account of defendant's criminal activity before the sentencing court. *See State v. Mercado-Vasquez*, 166 Or App 15, 17, 998 P2d 743 (2000) (relying on account of criminal activity in the PSI under similar circumstances). The case arose from an armed drug-related robbery of the victim, Stubblefield. Around midnight on the evening of April 8, 2012, Stubblefield and his girlfriend, Johnson-McKenzie, heard a knock on the apartment door. Stubblefield looked through the peephole and saw an unknown woman standing outside. When Stubblefield opened the door, defendant forcefully entered the apartment. Defendant began to "pistol whip" Stubblefield while demanding Stubblefield's drugs. Stubblefield called for Johnson-McKenzie to dial 9-1-1 and grappled with defendant, attempting to disarm him. Defendant fired one shot "in a downward direction." Both Stubblefield and Johnson-McKenzie escaped the apartment.

Witnesses standing outside noticed that defendant dropped something from Stubblefield's kitchen window, which the police later determined was Stubblefield's safe containing drugs. Defendant then fired his gun twice out of the window at Stubblefield, who at that point was outside the apartment attempting to hold the front door closed. Stubblefield ran to the apartment courtyard and saw defendant hanging from the rafters outside the window. Defendant

dropped to the ground. Stubblefield tried to get the gun, but defendant fired again at Stubblefield, that time hitting him. Defendant fled on foot but was eventually apprehended by the police.

Defendant was charged with 12 counts of criminal conduct involving Stubblefield and other victims. Referring to Stubblefield as victim, the state alleged two counts (Counts 1 and 2) for attempted aggravated murder with a firearm, as well as one count (Count 5) for attempted murder with a firearm.[1] Defendant waived his right to a jury and pleaded no contest to all counts. The court entered a judgment of conviction without merger of any guilty verdicts and sentenced defendant to 300 months of incarceration in addition to post-prison supervision.

On appeal, defendant contends, among other things, that the trial court erred by entering three separate convictions for attempting to murder Stubblefield with a firearm (Counts 1, 2, and 5) based on only two attempts to shoot him. Defendant argues that, at the least, the guilty verdict for attempted murder should have merged with one of the guilty verdicts for attempted aggravated murder, as required under the anti-merger statute, ORS 161.067(1). He argues that a conviction for attempted murder does not require proof of any element that a conviction for attempted aggravated murder does not. ORS 163.115 (murder); ORS 163.095 (aggravated murder);[2] ORS 161.405 (attempt defined).

The state does not dispute defendant's contention that the court entered three separate convictions despite

---

[1] As alleged, each offense was charged to include "with a firearm" as an aggravating element under ORS 161.610(2). That statute provides that "[t]he use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime ***." ORS 161.610(2). This court has concluded that the phrase "with a firearm" is an element of a crime that must be proved beyond a reasonable doubt. *State v. Flores*, 259 Or App 141, 147, 313 P3d 378 (2013), *rev den*, 354 Or 735 (2014).

[2] ORS 163.095 was amended since defendant's April 2012 conduct. Or Laws 2015, ch 614, § 149. Throughout this opinion, all references to ORS 163.095 are to the 2012 version, which was effective as of March 16, 2012. *See* Or Laws 2012, ch 54, § 26. The amendments to the statutory text do not affect the issue now raised on appeal.

only two attempts to shoot at Stubblefield; in fact, it acknowledged at oral argument that it was "pretty clear" that the guilty verdict for attempted murder should merge with one of the two guilty verdicts for attempted aggravated murder of the same victim. Rather, the state asserts that the matter is unpreserved and that this court should not review it for plain error because of the posture in which it comes to us after a plea. Specifically, the state contends that defendant "relies exclusively on his summary of the 'facts * * * from the presentence investigation' to support his arguments that the trial court plainly erred by not merging certain guilty verdicts." The state contends that a presentence report is "an insufficient basis upon which to conduct appellate review of sentencing issues."

We agree with the state's initial contention that defendant did not preserve a merger argument under ORS 161.067, and we therefore consider whether to review defendant's fourth assignment as error apparent on the record. We may review an unpreserved assignment of error as "an error of law apparent on the record" under ORAP 5.45(1) if certain conditions are met: (1) the error is one of law; (2) the error is "apparent," that is, the legal point is obvious and is not reasonably in dispute; and (3) the error appears "on the face of the record," that is, "[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Where those conditions are satisfied, we must still determine whether to exercise our discretion to reach the error and correct it. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

We begin by addressing the state's contention that, because the only account of defendant's criminal record is in the PSI, we are precluded from conducting plain-error review as a categorical matter. The state relies on *State v. Lavert*, 164 Or App 280, 991 P2d 1067 (1999), for the proposition that "facts that appear in a presentence investigation report generally are an insufficient basis upon which to conduct appellate review of sentencing issues." *Lavert*, however, does not stand for that broad proposition. In *Lavert*, we concluded that we could not reach the merits of

the state's appeal challenging the trial court's refusal, on constitutional grounds, to impose a Measure 11 sentence, because the state had failed to designate a sufficient record on appeal. *Id.* at 286-87. We explained that the defendant's case had gone to jury trial, that there was a factual dispute between the parties as to how the crime had occurred, and that the state had not designated transcripts of the trial or the defendant's subsequent sentencing hearings as part of the record. We observed that the PSI "could be helpful to us, but it does not suffice to replace information in the transcripts of the missing proceedings upon which the trial court may have relied in imposing the sentence or that may support the trial court's reasoning." *Id.* at 287.

In contrast, defendant pleaded no contest, and the PSI in this case is the only source of facts available to designate as part of the record for our review. In such circumstances, the PSI can provide a sufficient basis "to permit us 'to step into the shoes' of the trial court and to view the same record that was before it." *Id.* at 285; *see also Mercado-Vasquez*, 166 Or App at 17 (considering the account of the defendant's criminal activity set forth in the PSI for purposes of reviewing sentencing error).

Importantly, the state does not identify any plausible reasons why the account in the PSI—at least with respect to the attempted murder and attempted aggravated murder charges as to Stubblefield—would be inaccurate or incomplete regarding the relevant facts. That is, the state does not contend that there were actually three different shooting incidents toward Stubblefield as opposed to two attempts to murder him. Thus, the state appears to agree that the facts underlying the attempted murder verdict and the two attempted aggravated murder verdicts are the two shootings described in the PSI: (1) defendant's attempt to shoot at Stubblefield from the window, and (2) after defendant dropped from the rafters, defendant's attempt to shoot Stubblefield in the struggle outside.

The question before us, then, is whether the trial court plainly erred in entering the three separate convictions for those two attempts to shoot Stubblefield. We conclude that, as the state correctly recognized—if not

conceded—at oral argument, the failure to merge the verdict for attempted murder with a firearm with one of the guilty verdicts for attempted aggravated murder with a firearm is plain error on this record.

The anti-merger statute provides, in relevant part, that "[w]hen the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." ORS 161.067(1). The Supreme Court has clarified that the statute applies and precludes merger when three questions can be answered affirmatively.

"(1) Did defendant engage in acts that are 'the same conduct or criminal episode,' (2) did defendant's acts violate two or more 'statutory provisions,' and (3) does each statutory 'provision' require 'proof of an element that the others do not.'"

*State v. Crotsley*, 308 Or 272, 278, 779 P2d 600 (1989); *see also State v. Barnes*, 209 Or App 332, 336, 147 P3d 936 (2006), *rev den*, 342 Or 256 (2007) (applying that analysis).

The answer to the third question—whether each statutory provision requires proof of an element that the others do not—is no. This court has observed that "ORS 163.115 does not require proof of any element that ORS 163.095 does not. That is so because, under ORS 163.095, *any* type of murder defined in ORS 163.115 may serve as the basis for an aggravated murder conviction. Bluntly: 'murder'—in *any* form—is an element of aggravated murder." *State v. Walraven*, 214 Or App 645, 654, 167 P3d 1003 (2007), *rev den*, 344 Or 280 (2008) (emphases in original). The fact that the offenses at issue were charged as a matter of attempt in this case is of no consequence to that conclusion. *State v. Gonzales-Gutierrez*, 216 Or App 97, 111, 171 P3d 384 (2007), *rev den*, 344 Or 194 (2008) (merging guilty verdict for attempted murder into guilty verdict for attempted aggravated murder).

The remaining question is whether we should exercise our discretion to correct the error in this case. The factors that bear upon our exercise of discretion include

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes*, 312 Or at 382 n 6. The Supreme Court has identified additional, relevant considerations, including whether there was a "possibility that [a] defendant made a strategic choice not to object" and the "interest of the judicial system in avoiding unnecessary sentencing proceedings[.]" *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007).

Those considerations weigh in favor of exercising our discretion to correct the trial court's error in failing to merge the guilty verdict for attempted murder with one of the guilty verdicts for attempted aggravated murder. First, as we have explained in comparable cases involving the failure to merge guilty verdicts, the error is grave because "the presence of an additional * * * conviction on defendant's criminal record misstates the nature and extent of defendant's conduct and could have significant implications with regard to any future calculation of his criminal history." *State v. Valladares-Juarez*, 219 Or App 561, 564, 184 P3d 1131 (2008); *see also State v. Pass*, 264 Or App 583, 590, 333 P3d 1139 (2014). Second, "although the state may have an interest in avoiding unnecessary proceedings on remand, it has no interest in convicting a defendant twice for the same crime." *State v. Steltz (A149320)*, 259 Or App 212, 221, 313 P3d 312 (2013), *rev den*, 354 Or 840 (2014). Third, "we cannot identify any strategic reason that defendant may have had for not objecting to the trial court's failure to merge the convictions." *Id.* Finally, the ends of justice would be served by ensuring that defendant's criminal record is an accurate reflection of the crimes for which he was convicted. *See State v. Edwards*, 251 Or App 18, 24, 281 P3d 675, *rev den*, 352 Or 665 (2012) (exercising discretion to correct sentencing error with regard to first-degree robbery convictions). Therefore, we exercise our discretion to correct the trial court's error in entering three separate

convictions (Counts 1, 2, and 5) based on only two attempts to murder Stubblefield.[3]

Because we reverse and remand for the trial court to merge, at the least, the verdict for attempted murder with one of the verdicts for attempted aggravated murder, which will require resentencing, we do not reach defendant's remaining assignments of error. Upon remand, defendant may raise issues of merger on other counts, and the court may resentence on remaining counts accordingly. *See, e.g., State v. Jay*, 251 Or App 752, 753 n 1, 284 P3d 597 (2012), *rev den*, 353 Or 209 (2013) (declining, after remanding for merger and resentencing, to reach other sentencing-related errors, including merger of other guilty verdicts, where those issues could be raised and addressed on remand).

Reversed and remanded for merger of guilty verdict for attempted murder into one of the verdicts for attempted aggravated murder; remanded for resentencing; otherwise affirmed.

---

[3] Defendant urges us to remand for merger of the guilty verdict on Count 5 (attempted murder) into Count 2 (attempted aggravated murder). Although he argues that the two attempted aggravated murder verdicts should themselves merge into a single conviction because they were part of a continuous course of conduct, he assumes that the two aggravated murder verdicts were based on the two different instances of shooting at Stubblefield. Based on the language of the charging instrument alone, it is not clear which of the two instances of shooting at Stubblefield formed the basis for which of the three counts (Count 1, Count 2, and Count 5), but it is plain that the court erred in entering three separate attempt convictions for only two attempts to murder Stubblefield with a firearm. We leave it to the trial court in the first instance to determine how to reach, at most, two convictions for those two separate attempts to shoot Stubblefield. The trial court can address defendant's arguments regarding merger of the two attempted aggravated murder verdicts on remand as well.