Submitted on March 31, convictions for first-degree kidnapping reversed and remanded with instructions to enter a judgment of conviction for one count of first-degree kidnapping reflecting that defendant was convicted on both theories; remanded for resentencing; otherwise affirmed May 7, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FRANCISCO VALLADARES-JUAREZ,
*Defendant-Appellant.*

Marion County Circuit Court
05C54919; A132773

184 P3d 1131

Peter Gartlan, Chief Defender, Legal Services Division, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Sercombe, Judge, and Riggs, Senior Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant was convicted of, among other crimes, two counts of first-degree kidnapping, ORS 163.235. On appeal, he argues that the trial court erred when it did not merge the two first-degree kidnapping convictions into a single conviction. He acknowledges that he did not raise that issue in the trial court, but nonetheless urges us to review the claim of error as one apparent on the face of the record. ORAP 5.45(1).[1] In response, the state "recognizes * * *, without conceding its propriety, that this court probably will conclude that defendant's claim constitutes plain error and warrants the exercise of this court's discretionary authority to address the error."

■■ Our analysis of unpreserved error under ORAP 5.45(1) involves a two-step process. First, we consider the three "plain error" criteria: (1) whether the claimed error is one of law; (2) whether it is obvious and not reasonably in dispute; and (3) whether it appears on the face of the record without requiring the court to choose between competing inferences. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Second, if those criteria are met, we must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

■ In this case, the indictment alleged two separate counts of first-degree kidnapping based on the same conduct involving the same victim on the same date. After a trial to the court, defendant was convicted on both counts after the court determined that his conduct violated two separate paragraphs of the first-degree kidnapping statute, namely, ORS 163.235(1)(c) (kidnapping with a purpose to cause physical injury to the victim) and ORS 163.235(1)(d) (kidnapping with a purpose to terrorize the victim or another person). We have held, however, that those separate paragraphs of ORS 163.235(1) set forth alternative theories of proving a single

---

[1] Under ORAP 5.45(1),

"[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the face of the record."

offense and that the failure to merge separate first-degree kidnapping convictions for the same conduct involving the same victim constitutes error apparent on the face of the record. *State v. Hylton*, 210 Or App 104, 105-06, 150 P3d 47 (2006), *rev den*, 342 Or 473 (2007) (failure to merge separate convictions under ORS 163.235(1)(c) and (d) into a single conviction for first-degree kidnapping was error apparent on the face of the record).

■ ■   Thus, we turn to the question whether this court should exercise its discretion to correct the error. The factors that bear on our exercise of discretion include

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes*, 312 Or at 382 n 6. In *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007), the Supreme Court identified several additional considerations, including whether there was a "possibility that [a] defendant made a strategic choice not to object" and the "interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings[.]"

Here, the above considerations support the affirmative exercise of our discretion to correct the trial court's error in failing to merge defendant's first-degree kidnapping convictions. First, the error in this case is grave; the presence of an additional kidnapping conviction on defendant's criminal record misstates the nature and extent of defendant's conduct and could have significant implications with regard to any future calculation of his criminal history. Second, although the state may have an interest in avoiding unnecessary resentencing proceedings, *State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007), it has no interest in convicting a defendant twice for the same crime. Thus, on balance, the competing interests of the parties in this case weigh in favor of exercising our discretion to correct the error. Moreover, we cannot identify any strategic reason that defendant may

have had for not objecting to the entry of separate kidnapping convictions; nor can we identify any reason why the ends of justice would not be served by ensuring that defendant's criminal record accurately reflects the crimes for which he has been convicted. Indeed, the state has not suggested *any* reasons why this court should decline to exercise its discretion to correct the error in this case. Accordingly, we vacate defendant's convictions for first-degree kidnapping and remand with instructions to enter a single conviction for first-degree kidnapping. The remand also requires that defendant be resentenced. ORS 138.222(5).

Convictions for first-degree kidnapping reversed and remanded with instructions to enter a judgment of conviction for one count of first-degree kidnapping reflecting that defendant was convicted on both theories; remanded for resentencing; otherwise affirmed.