Submitted July 30, reversed and remanded with instructions to merge conviction for unlawful use of a weapon (Count 12) into conviction for assault in the second degree (Count 6) and for resentencing; otherwise affirmed August 26, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JERE VESTAL RYDER,
*Defendant-Appellant.*

Multnomah County Circuit Court
060734387; A137497

216 P3d 895

Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Michael R. Washington, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Deits, Senior Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals from his convictions, following trial, of a variety of crimes, including first-degree kidnapping, ORS 163.235(1); second-degree assault, ORS 163.175; attempted second-degree assault, ORS 161.405; and unlawful use of a weapon, ORS 166.220; all arising from conduct at the Oregon Zoo in Portland on July 26, 2006. Defendant assigns error to the denial of his motions for judgment of acquittal on Count 1 (first-degree kidnapping) and Count 6 (second-degree assault) and also raises unpreserved challenges to the trial court's failure to merge certain convictions and to its imposition of a consecutive sentence on one of the convictions that he contends should have been merged. We reject without discussion defendant's assignments of error pertaining to the denials of the motions for judgment of acquittal, but conclude that the trial court's failure to merge two of the convictions (Counts 6 and 12) constitutes an error of law apparent on the face of the record, ORAP 5.45(1), warranting the affirmative exercise of our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). Accordingly, we reverse and remand for the trial court to merge defendant's convictions on Counts 6 and 12 and for resentencing, but otherwise affirm.

For purposes of our review, the material circumstances are limited and uncontroverted. The trial court convicted defendant of, *inter alia*, second-degree assault (Count 6) and unlawful use of a weapon (Count 12).[1] Both of those charges arose out of defendant's concurrent conduct against

---

[1] ORS 163.175 provides, in part:

"(1) A person commits the crime of assault in the second degree if the person:

"* * * * *

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon[.]"

ORS 166.220 provides, in part:

"(1) A person commits the crime of unlawful use of a weapon if the person:

"(a) *Attempts to use unlawfully against another*, or carries or possesses with intent to use unlawfully against another, *any dangerous or deadly weapon as defined in ORS 161.015*[.]"

(Emphasis added.) Count 12 was charged consistently with the emphasized language.

the same victim—that is, defendant unlawfully used a knife, a dangerous weapon, against that victim and, by doing so, did intentionally and knowingly cause her physical injury.

■       Although defendant did not object to the trial court's failure to merge his convictions on those two counts, he asserts, and the state concedes, that the court's failure in that regard constitutes an error of law apparent on the face of the record. ORAP 5.45(1). We accept that concession as well founded. *See, e.g., State v. Morton,* 110 Or App 40, 41, 820 P2d 463 (1991) (accepting state's concession that trial court had erred in failing to merge the defendant's convictions under ORS 163.175 and ORS 166.220).

■       We finally conclude that it is appropriate to exercise our discretion under *Ailes* to correct that error. That is so for at least three reasons. First, the gravity of the error—*viz.*, the imposition of an additional felony conviction—strongly militates in favor of the exercise of discretion. *See, e.g., State v. Valladares-Juarez,* 219 Or App 561, 564, 184 P3d 1131 (2008) (exercising discretion under *Ailes* to correct the trial court's error in failing to merge the defendant's two first-degree kidnapping convictions into a single conviction; noting that "the error in this case is grave; the presence of an additional kidnapping conviction on defendant's criminal record misstates the nature and extent of defendant's conduct"); *State v. Hathaway,* 207 Or App 716, 718, 143 P3d 545, *rev den,* 342 Or 254 (2006) (exercise of *Ailes* discretion to correct erroneous failure to merge justified, in part, because, "although the effects of merger are not always immediately apparent, they can be real and varied" (internal quotation marks omitted)). Second, as in *Valladares-Juarez,* "we cannot identify any strategic reason that defendant may have had for not objecting" to the trial court's failure to merge the convictions. 219 Or App at 564-65. Finally, "the burden on the judicial system in amending its judgment and resentencing defendant is minimal." *State v. Camacho-Alvarez,* 225 Or App 215, 217, 200 P3d 613 (2009).[2]

---

[2] Given our disposition and the scope of remand under ORS 138.222(5)(a), we do not reach and resolve defendant's other unpreserved contentions of error.

Reversed and remanded with instructions to merge conviction for unlawful use of a weapon (Count 12) into conviction for assault in the second degree (Count 6) and for resentencing; otherwise affirmed.