Submitted April 29, convictions on Counts 2 and 3 reversed and remanded with instructions to enter a judgment of conviction of one count of second-degree robbery reflecting that defendant was convicted on both theories and for resentencing; otherwise affirmed May 26, petition for review denied September 17, 2010 (349 Or 57)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RODOLFO PANIAGUA-MIGUEL,
*Defendant-Appellant.*

Washington County Circuit Court
C081714CR; A140848

231 P3d 801

Peter Gartlan, Chief Defender, and Susan Fair Drake, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant. Rodolfo Paniagua-Miguel filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Edmonds, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of first-degree robbery, ORS 164.415, two counts of second-degree robbery (Counts 2 and 3), ORS 164.405, and unlawful use of a weapon, ORS 166.220, all based on the same criminal episode. He contends that the trial court erred in failing to merge the two second-degree robbery convictions, which were based on violations of separate paragraphs of the second-degree robbery statute—ORS 164.405(1). That statute provides, in part:

"A person commits the crime of robbery in the second degree if the person violates ORS 164.395 and the person:

"(a)  Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or

"(b)  Is aided by another person actually present."

Defendant did not object at trial to the court's failure to merge the convictions. He contends, however, that that failure constitutes plain error that we should exercise our discretion to correct. The state concedes that, in light of *State v. White*, 346 Or 275, 211 P3d 248 (2009), the trial court's failure to merge the second-degree robbery convictions does constitute plain error. We accept the state's concession, and, based on the considerations described in *State v. Valladares-Juarez*, 219 Or App 561, 564-65, 184 P3d 1131 (2008), we exercise our discretion to correct the error.[1]

Convictions on Counts 2 and 3 reversed and remanded with instructions to enter a judgment of conviction of one count of second-degree robbery reflecting that defendant was convicted on both theories and for resentencing; otherwise affirmed.

---

[1] Defendant raises other contentions in his *pro se* supplemental brief. We reject them without discussion.