Argued and submitted September 20, affirmed December 1, 2010, petition for review denied March 25, 2011 (350 Or 130)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## NICHOLAS WILLIAM CUFAUDE,
*Defendant-Appellant.*

Washington County Circuit Court
C080018CR; A139587

244 P3d 381

Andrew S. Chilton argued the cause for appellant. With him on the brief was Chilton & Galli, LLC.

Kristen G. Williams, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant kicked the victim in the head while wearing a pair of steel-toed boots. For that conduct he was convicted of first-degree assault, ORS 163.185, and unlawful use of a weapon, ORS 166.220. He appeals, raising two assignments of error, the first of which we reject without discussion. In his second assignment, defendant argues that the trial court erred in failing to merge his convictions. Defendant concedes that he did not preserve that argument in the trial court, but he urges us to review it as plain error. The state replies that, in light of the specific allegations in the indictment, the trial court did not err because the unlawful use of a weapon charge required the jury to find an element not included in the first-degree assault charge. Alternatively, the state argues that the asserted error is not plain. We affirm.

■ This court may consider a party's unpreserved assignment of error when the asserted error is one of law, apparent on the face of the record, ORAP 5.45(1), and warrants the affirmative exercise of our discretion under *Ailes v. Portland Meadows*, 312 Or 376, 382, 823 P2d 956 (1991). An error of law is apparent when "the point [is] obvious, [and] not reasonably in dispute." *Id.* As explained below, the question of whether defendant's convictions should merge is not obvious and, thus, any error is not plain.

■ Defendant relies on this court's decision in *State v. Ryder*, 230 Or App 432, 216 P3d 895 (2009). In that case, we exercised our discretion to review the defendant's unpreserved argument that the trial court had erred by failing *sua sponte* to merge his convictions for second-degree assault and unlawful use of a weapon. According to defendant, in *Ryder*, we held that the "appellant must have intentionally caused serious physical injury by means of a deadly or dangerous weapon" in order to be guilty of first-degree assault, and "must have used or attempted to use a deadly or dangerous weapon on another" in order to be guilty of unlawful use of a weapon, and, thus, "the two offenses should merge." (Emphasis omitted.)

The state argues that *Ryder* is distinguishable because, here, unlike in *Ryder*, "the state did not charge defendant with committing [unlawful use of a weapon] by

attempting to use a dangerous or deadly weapon." In this case, the state observes, defendant was charged with "possess[ing] a dangerous weapon with intent to use it unlawfully" and, thus, the unlawful use of a weapon charge included at least one element that the first-degree assault charge did not—possessing or carrying a deadly or dangerous weapon. According to the state, it is possible for an offender to commit first-degree assault without possessing or carrying the weapon that inflicts a serious physical injury by, for example, dashing a victim's head against a concrete sidewalk. In that example, the state asserts, the offender would not "possess" the sidewalk, despite having used it to injure the victim.

■ The so-called "anti-merger" statute, ORS 161.067(1), provides that, "[w]hen the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." Under that statute, for a single criminal act or criminal episode to give rise to more than one statutory violation, three requirements must be satisfied: (1) defendant must have engaged in acts that are "the same criminal conduct or episode"; (2) defendant's acts must have violated two or more "statutory provisions"; and (3) each statutory provision must require "proof of an element that the others do not." *State v. Crotsley*, 308 Or 272, 278, 779 P2d 600 (1989) (quoting former merger statute, the nearly identical precursor to ORS 161.067(1)); *see also State v. White*, 346 Or 275, 211 P3d 248 (2009) (synthesizing prior merger cases discussing the phrase "statutory provisions" and analyzing how that phrase applied to multiple convictions of second-degree robbery).[1]

---

[1] In *White*, the court reaffirmed that, to determine whether a single act violates two or more statutory provisions, a court must determine whether the legislature intended to create a single crime or two or more crimes. 346 Or at 280. That inquiry does not depend—at least not entirely—on the structural form that a criminal statute takes, although the use of a single section is one indication that the legislature intended to define a single crime. *Id.* Neither does the inquiry turn entirely on whether two or more charges are based on one or more statutes that address separate and distinct legislative concerns. *Id.* at 283. That is so because, as the court observed in *White*, "every statutory section that 'requires proof of an element that the others do not,' ORS 161.067(1), necessarily involves a distinct legislative concern—otherwise there would be no need for the additional element." *Id.* The

Like in this case, in *Ryder*, one of the paired charges involved ORS 166.220, which provides, in part:

"(1)  A person commits the crime of unlawful use of a weapon if the person:

"(a)  Attempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015[.]"

Thus, an offender may violate ORS 166.220(1) either by attempting to use a dangerous weapon or by carrying or possessing the weapon with intent to use it against another.

In *Ryder*, the defendant was charged with violating ORS 166.220(1) by *using* a dangerous weapon against the victim and committing second-degree assault by intentionally and knowingly causing the victim physical injury by means of a dangerous weapon. 230 Or App at 435. As we explained, "[b]oth of those charges arose out of defendant's concurrent conduct against the same victim—that is, defendant unlawfully used a knife, a dangerous weapon, against that victim and, by doing so, did intentionally and knowingly cause her physical injury." *Id.* at 434-35. Here, by contrast, defendant was charged with violating ORS 166.220(1) by *possessing* a dangerous weapon—his steel-toed boots—with the intent to use them unlawfully and committing first-degree assault by unlawfully and intentionally causing serous physical injury to the victim by means of a dangerous weapon. Thus, here, in order to convict defendant of violating ORS 166.220(1), the state was required to prove that defendant possessed a dangerous weapon, whereas in *Ryder*, to earn a conviction, the state was required to prove that the defendant actually used a dangerous weapon.

Although it is true that in this case, like in *Ryder*, the evidence showed that defendant actually used the same dangerous weapon that he used to commit the assault, the pleaded elements of the lesser charged offense in this case

court therefore clarified in *White*, that, "[A court views] the statute as a whole, looking to the text, context, and, when appropriate, legislative history of the statute. That analysis includes consideration of whether the sections, although addressing different concerns, also may address, on a more general level, one unified legislative objective." *Id.* at 283-84.

were not coextensive with the elements of the greater offense. Moreover, defendant does not analyze the second issue under ORS 161.067, namely, whether his conduct violated two or more statutory provisions. Because defendant was charged in this case with a different way of violating ORS 166.220(1) from the defendant in *Ryder*, it is not obvious, in the absence of a better developed argument on appeal, that the merger analysis here is controlled by our decision in that case. Because the asserted error in this case is unpreserved and, as explained, not obvious, we affirm.

Affirmed.