Submitted March 23, reversed and remanded for entry of a judgment reflecting a single conviction for first-degree burglary; otherwise affirmed April 27, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW JACOB JOHANSEN,
*Defendant-Appellant.*

Washington County Circuit Court
C082582CR; A144518

256 P3d 159

Andrew S. Chilton and Chilton & Galli, LLC, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Denis M. Vannier, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals from his convictions for a variety of offenses, raising two assignments of error. In his first assignment, defendant argues that the trial court erred in declining to merge his convictions on two counts of first-degree burglary, ORS 164.225. In his second assignment of error, defendant argues that the trial court erred in failing to merge his convictions for second-degree assault, ORS 163.175, and unlawful use of a weapon, ORS 166.220. Defendant's second assignment of error is controlled by our decision in *State v. Cufaude*, 239 Or App 188, 244 P3d 382 (2010), *rev den*, 350 Or 130 (2011), and we reject it without further discussion.

Defendant acknowledges that his first assignment of error is unpreserved, but he urges us to review it under plain error principles. He asserts that the trial court's failure to merge his first-degree burglary convictions was plainly erroneous under *State v. White*, 341 Or 624, 147 P3d 313 (2006). The state agrees that the trial court erred, because "the record shows that defendant's two burglary convictions merely reflected different theories of guilt for a single offense." Moreover, the state further agrees that the error is plain and that this court should exercise its discretion to correct the error.

In *State v. Valladares-Juarez*, 219 Or App 561, 184 P3d 1131 (2008), we determined that the relevant considerations under *Ailes v. Portland Meadows*, 312 Or 376, 382 n 6, 823 P2d 956 (1991), *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007), and *State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), weighed in favor of our exercise of discretion to remedy the trial court's failure to merge separate first-degree kidnapping charges, where the separate charges were merely "alternative theories of proving a single offense." *Vallardes-Juarez*, 219 Or App at 563-64. As we explained:

> "First, the error in this case is grave; the presence of an additional kidnapping conviction on defendant's criminal record misstates the nature and extent of defendant's conduct and could have significant implications with regard to any future calculation of his criminal history. Second,

although the state may have an interest in avoiding unnecessary resentencing proceedings * * * it has no interest in convicting a defendant twice for the same crime. Thus, on balance, the competing interests of the parties in this case weigh in favor of exercising our discretion to correct the error. Moreover, we cannot identify any strategic reason that defendant may have had for not objecting to the entry of separate kidnapping convictions; nor can we identify any reason why the ends of justice would not be served by ensuring that defendant's criminal record accurately reflects the crimes for which he has been convicted. Indeed, the state has not suggested *any* reasons why this court should decline to exercise its discretion to correct the error in this case."

*Id.* at 564-65 (emphasis in original; citations omitted). For the same reasons, we conclude that it is appropriate for us to exercise our discretion to correct the trial court's error in failing to merge defendant's convictions in this case.

Reversed and remanded for entry of a judgment reflecting a single conviction for first-degree burglary; otherwise affirmed.