## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DANIEL STEVEN ZOLOTOFF,
*Defendant-Appellant.*

Marion County Circuit Court
09C43410, 08C51862;
A143838 (Control), A143839

280 P3d 396

Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Michael R. Washington, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals judgments of conviction arising out of two consolidated cases; however, because his assignments of error on appeal pertain to only one of the cases—Marion County Case No. 08C51862—we limit our discussion to that case and affirm the judgment in the other—Marion County Case No. 09C43410—without discussion. In Case No. 08C51862, defendant was convicted of attempted first-degree assault constituting domestic violence, ORS 163.185; ORS 161.405 (Count 2); first-degree burglary, ORS 164.225 (Count 3); unlawful use of a weapon, ORS 166.220 (Count 4); and menacing constituting domestic violence, ORS 163.190 (Count 5).[1]

On appeal, defendant first asserts that the trial court erred in denying his motion for judgment of acquittal on the burglary charge. We reject that assignment of error without discussion. Next, defendant contends that the trial court erred in failing to merge the guilty verdicts on Counts 2 and 4 (attempted first-degree assault and unlawful use of a weapon, respectively). Both of those charges arose out of defendant's concurrent conduct in unlawfully attempting to use a dangerous weapon—specifically, a fireplace poker—against his father and, by doing so, attempting to intentionally cause him serious physical injury. The state concedes that, as the crimes were charged, merger of the verdicts was required under ORS 161.067(1). We agree and accept the state's concession. *See State v. Ryder*, 230 Or App 432, 216 P3d 895 (2009) (accepting state's concession that trial court had erred in failing to merge the defendant's guilty verdicts for second-degree assault and unlawful use of a weapon, where the latter crime was charged as attempting to use a dangerous weapon unlawfully against another); *cf. State v Alvarez*, 240 Or App 167, 171-74, 246 P3d 26 (2010), *rev den*,

---

[1] The trial court subsequently entered what in substance was a supplemental judgment adding payment of restitution in the amount of $200 on the attempted first-degree assault conviction. *See* ORS 138.083(2)(b) ("Notwithstanding the filing of a notice of appeal, the sentencing court retains authority to determine the amount of restitution and to enter a supplemental judgment to specify the amount and terms of restitution."). We dismiss defendant's appeal from that supplemental judgment for lack of jurisdiction. *State v. Mullins*, 245 Or App 505, 263 P3d 370 (2011), *rev allowed*, 351 Or 586 (2012).

350 Or 408 (2011) (holding that first- and second-degree assault and unlawful use of a weapon charges did not merge where the unlawful use counts alleged that the defendant had committed the crimes by carrying or possessing a dangerous weapon with the intent to use it unlawfully). Accordingly, we reverse and remand Counts 2 and 4 for entry of a single judgment of conviction for attempted first-degree assault. We also remand for resentencing. ORS 138.222(5). Otherwise, we affirm.

In Case No. 08C51862, judgment reversed and remanded with instructions to merge conviction for unlawful use of a weapon (Count 4) into conviction for attempted assault in the first degree (Count 2) and for resentencing, otherwise affirmed; appeal of supplemental judgment dismissed for lack of jurisdiction. In Case No. 09C43410, affirmed.