STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT THEODORE ARBGAST,
*Defendant-Appellant.*

Lane County Circuit Court
201115646; A150230

300 P3d 309

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment of conviction for unlawful use of a weapon, ORS 166.220, second-degree assault, ORS 163.175, fourth-degree assault, ORS 163.160, and menacing, ORS 163.190. On appeal he raises three assignments of error. We reject without discussion defendant's first two assignments of error, in which he contends that the trial court erred in denying his motion for judgment of acquittal on the unlawful use of a weapon and second-degree assault charges. In his third assignment of error, defendant contends that the trial court committed plain error in failing to merge the guilty verdict for unlawful use of a weapon with the guilty verdict for second-degree assault. *See* ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (the court has discretion to review unpreserved error of law apparent on the record). The state concedes that the trial court so erred. We agree and accept the state's concession. Furthermore, for the reasons set forth in *State v. Ryder*, 230 Or App 432, 435, 216 P3d 895 (2009), we conclude that it is appropriate to exercise our discretion to correct the error in this case. *See also State v. Camacho-Alvarez*, 225 Or App 215, 216, 200 P3d 613 (2009) ("[I]n the past, we have held that 'failure to merge' errors are apparent on the record and have chosen to exercise our discretion to review and correct those errors[.]").

Reversed and remanded with instructions to merge guilty verdicts for unlawful use of a weapon and second-degree assault into a single conviction for second-degree assault and for resentencing; otherwise affirmed.