Submitted January 29, convictions on Counts 2 and 3 reversed and remanded with instructions to enter a judgment of conviction for one count of second-degree sexual abuse on Count 2; remanded for resentencing; otherwise affirmed August 13, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TERRY JUNE PASS,
*Defendant-Appellant.*

Lincoln County Circuit Court
104476; A149028

333 P3d 1139

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Haselton, Chief Judge, and Schuman, Senior Judge.

HASELTON, C. J.

**HASELTON, C. J.**

Defendant, who was convicted of one count of second-degree sexual abuse (Count 2), ORS 163.425, one count of third-degree sodomy (Count 3), ORS 163.385, and two counts of third-degree sexual abuse (Counts 4 and 5), ORS 163.415, appeals, arguing that the trial court plainly erred in failing to merge Counts 2 and 3.[1] We conclude that, under the reasoning of *State v. Ofodrinwa*, 353 Or 507, 300 P3d 154 (2013)—in which the Supreme Court concluded that a victim's incapacity to consent due to minority is included in "the victim does not consent" element of second-degree sexual abuse—defendant's guilty verdict for third-degree sodomy must, beyond any reasonable dispute, merge with his guilty verdict for second-degree sexual abuse. Accordingly, the trial court plainly erred in entering separate convictions. We exercise our discretion to correct that error and reverse and remand with instructions.

We review a trial court's decision to not merge verdicts for errors of law. *State v. Watkins*, 236 Or App 339, 345, 236 P3d 770, *rev den*, 349 Or 480 (2010).

The material facts are few and undisputed. When K was 15 years old, she was an overnight guest at defendant's residence. Defendant went into the living room and sat on the couch where K had been sleeping. He put his hand into her pants and touched her vagina. He also put his hand up her shirt and touched her breast. He then moved her pajama pants and underwear to the side and licked her vagina. When defendant tried to remove her clothes, K pulled her pajama pants up and curled into a ball. Defendant then left the room.

Defendant was charged with multiple sexual offenses. As pertinent here, in Count 2 of the indictment, the state alleged that defendant committed second-degree sexual abuse when he "did unlawfully and knowingly subject [K] to deviate sexual intercourse by touching her vagina with his tongue, the said [K] not consenting thereto, and [K]

---

[1] We reject defendant's other assignment of error without further published discussion.

is unable to consent because she is under the age of 18."[2] The state alleged that that same conduct constituted third-degree sodomy and alleged, in Count 3 of the indictment, that defendant "did unlawfully and knowingly engage in deviate sexual intercourse with [K], a child under the age of 16."[3] A jury found defendant guilty on Counts 2 and 3; he did not argue that the verdicts on those counts should merge; and the trial court ultimately entered separate convictions.

Defendant appeals, arguing that the trial court should have merged the two guilty verdicts on those counts into a single conviction. Defendant acknowledges that he failed to preserve his merger argument, but he requests that we review for plain error and that we exercise our discretion to correct that error. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief * * *, provided that the appellate court may consider an error of law apparent on the record.").

An unpreserved error is reviewable as "plain error" if (1) the error is one of law; (2) the legal point is obvious— that is, "not reasonably in dispute"; and (3) to reach the

---

[2] ORS 163.425 provides, in part:

"(1) A person commits the crime of sexual abuse in the second degree when:

"(a) The person subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object other than the penis or mouth of the actor and the victim does not consent thereto; or

"(b)(A) The person violates ORS 163.415(1)(a)(B);

"(B) The person is 21 years of age or older; and

"(C) At any time before the commission of the offense, the person was the victim's coach as defined in ORS 163.426."

"'Deviate sexual intercourse' means sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another." ORS 163.305(1). "A person is considered incapable of consenting to a sexual act if the person is [u]nder 18 years of age[.]" ORS 163.315(1)(a).

[3] ORS 163.385(1) provides:

"A person commits the crime of sodomy in the third degree if the person engages in deviate sexual intercourse with another person under 16 years of age or causes that person to engage in deviate sexual intercourse."

error, "[w]e need not go outside the record or choose between competing inferences to find it." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). If we conclude that the asserted error is plain, we must then decide whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). In making that determination, we consider, among other things,

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way[.]"

*Id.* at 382 n 6.

The asserted error here is one of law. The "anti-merger" statute, ORS 161.067(1), provides, in pertinent part:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

As we explained in *State v. Edwards*, 251 Or App 18, 22, 281 P3d 675, *rev den*, 352 Or 665 (2012),

> "[s]eparate convictions are appropriate under ORS 161.067(1) if the following conditions are met: '(1) the defendant engaged in acts that constituted "the same conduct or criminal episode," (2) the defendant's acts violated "two or more statutory provisions," and (3) each statutory provision requires "proof of an element that the others do not."' *State v. White*, 346 Or 275, 279, 211 P3d 248 (2009) (quoting *State v. Crotsley*, 308 Or 272, 278, 779 P2d 600 (1989)). If all three conditions are met, separate convictions are appropriate even when they arise out of a single criminal episode and involve a single victim."

With respect to the third cumulative condition—which is the focus of our analysis that follows—we explained the applicable inquiry in *State v. Alvarez*, 240 Or App 167, 171-72, 246 P3d 26 (2010), *rev den*, 350 Or 408 (2011):

"Generally, only the statutory elements of the offenses are compared; the facts as alleged in the indictment or found by the factfinder are not relevant. *State v. Walraven*, 214 Or App 645, 653-54, 167 P3d 1003 (2007), *rev den*, 344 Or 280 (2008); *State v. Sumerlin*, 139 Or App 579, 584, 913 P2d 340 (1996). However, when a statute contains alternative forms of a single crime (as, for example, unlawful use of a weapon, which can be committed either by (1) carrying or possessing a dangerous weapon or by (2) attempting to use one), we will look to the indictment to determine which form is charged, and we use the elements of the charged version in the merger analysis. *State v. Cufaude*, 239 Or App 188, 192-93, 244 P3d 382 (2010)[, *rev den*, 350 Or 130 (2011)]; *see also* [*Crotsley*, 308 Or at 278-80] (for purposes of merger, court considered elements of the version of first-degree rape as charged). Further, once we rely on the indictment to determine which of the alternative forms of the crime are at issue, we disregard particular facts alleged in the indictment or proved at trial. *Cufaude*, 239 Or App at 192-93 (the court does not consider evidence adduced at trial; rather, it relies on 'pleaded elements')."

Here, the parties agree that Counts 2 and 3 were based on the same exact conduct—*viz.*, defendant touching the victim's vagina with his mouth. Thus, the defendant engaged in acts that constituted "the same conduct or criminal episode." ORS 161.067(1). Further, that conduct violated both ORS 163.425(1)(a) and ORS 163.385(1), which are "two * * * statutory provisions." ORS 161.067(1).

Thus, our assessment of whether, as a matter of law, the trial court erred in entering separate convictions for second-degree sexual abuse and third-degree sodomy reduces to whether "each provision requires proof of an element that the others do not." ORS 161.067(1). For the reasons that follow, we conclude that, in light of *Ofodrinwa*, whether incapacity to consent is distinct from actual consent is no longer reasonably in dispute. 353 Or 507. *Ofodrinwa*—which issued after defendant was sentenced—is unambiguously dispositive. Accordingly, the trial court's imposition of separate convictions on Counts 2 and 3 was plain error.

In *Ofodrinwa*, the defendant, who was 21 years old, admitted to police officers that he had engaged in sexual intercourse with his girlfriend, who was 16 years old. 353

Or at 509. The state charged the defendant with second-degree sexual abuse. In the indictment, the state alleged that the defendant "'unlawfully and knowingly subject[ed the victim] to sexual intercourse, [the victim] not consenting thereto by reason of being under 18 years of age.'" *Id.* (brackets in *Ofodrinwa*). At trial, the state relied solely on the victim's age to prove that she lacked the capacity to consent. *Id.* At the end of the state's case, the defendant moved for a judgment of acquittal (MJOA), arguing that ORS 163.425 required proof that the victim had not actually consented; he contended that the victim's lack of capacity to consent was not sufficient to prove a violation of that statute. *Id.* at 510. The trial court denied defendant's MJOA, reasoning that proof that the victim lacked the capacity to consent (because of her age) was sufficient to prove that she "d[id] not consent" within the meaning of ORS 163.425. *Id.* We affirmed. On review, the Supreme Court framed the question as "whether the phrase 'does not consent' in ORS 163.425 refers only to actual consent or whether it also refers to the lack of capacity to consent." *Id.*[4]

In resolving that question, the court in *Ofodrinwa* considered whether lack of consent, for purposes of second-degree sexual abuse, could be satisfied by proof of either (1) lack of actual consent or (2) incapacity to consent. After a comprehensive review of the legislative history of the phrase "does not consent," the court determined that the legislature intended that that phrase "refer[] to the victim's lack of capacity to consent due to age, as well as to the lack of actual consent." *Id.* at 532. Accordingly, because *either* variant of lack of consent was independently sufficient to establish the "does not consent" element of second-degree sexual abuse, the court affirmed the defendant's conviction. *Id.*

In so concluding, the Supreme Court noted, *inter alia*, that, with respect to rape and sodomy, the legislature "identified different circumstances that evidenced a lack of consent, not to distinguish the lack of actual consent from the lack of the capacity to consent, but to distinguish

---

[4] In contrast to the state's position here—that "does not consent" is distinct from the incapacity to consent—in *Ofodrinwa*, the state argued that "does not consent" includes instances in which the victim lacks the capacity to consent. 350 Or at 510.

different degrees of a crime, all of which were premised on a lack of consent however evidenced." *Id.* at 516. The court further explained that

"[t]he 1991 legislature understood that the phrase 'does not consent' in the crime of second-degree sexual abuse refers to a victim whose 'lack of consent was due solely to incapacity to consent by reason of being less than a specified age' as well as to a victim who does not actually consent."

*Id.* at 525.

To be sure, *Ofodrinwa* arose in a different procedural posture—review of the denial of an MJOA (as opposed to failure to merge)—than this case. Nevertheless, *Ofodrinwa*'s reasoning is conclusive here in a manner that is not subject to reasonable dispute. *Brown*, 310 Or at 355.

We return to this case. As noted, defendant was charged with and convicted of second-degree sexual abuse, ORS 163.425(1)(a), and third-degree sodomy, ORS 163.385. As explained, in comparing elements of offenses for merger purposes, "when a statute contains alternative forms of a single crime * * *, we will look to the indictment to determine which form is charged, and [then] use the elements of the charged version in the merger analysis." *Alvarez*, 240 Or App at 171.

Here, defendant was charged with second-degree sexual abuse under the alternative specified in ORS 163.425(1)(a), which provides that a person commits the crime of second-degree sexual abuse when (1) the person subjects another person to one of a list of certain sexual acts, including deviate sexual intercourse and (2) "the victim does not consent thereto." Specifically, the indictment charged that the complainant did not consent and that she was "unable to consent because she [was] under the age of 18." Thus, as charged, the referent elements of second-degree sexual abuse for merger purposes are (1) deviate sexual intercourse and (2) the victim did not consent and was unable to consent due to her age. *See* 264 Or App at 584-85.

With respect to third-degree sodomy, ORS 163.385, the indictment charged that defendant "did unlawfully and

knowingly engage in deviate sexual intercourse with [K], a child under the age of 16." Thus, for purposes of our present merger analysis, the referent elements of third-degree sodomy are (1) deviate sexual intercourse and (2) the victim being under 16 years of age at the time of the intercourse, a circumstance that necessarily rendered the complainant incapable of consent as a matter of law. *See* ORS 163.315(1)(a) ("A person is considered incapable of consenting to a sexual act if the person is [u]nder 18 years of age[.]").

So understood, and consistently with *Ofodrinwa*'s casting of "does not consent," the elements of the two offenses as charged here are congruent: (1) deviate sexual intercourse; and (2) lack of consent (predicated on the complainant's age). In sum, for merger purposes, the "does not consent" element in ORS 163.425(1)(a) encompasses the victim's age element in ORS 163.385(1). Accordingly, ORS 161.067(1) does not preclude merger, and defendant's guilty verdict for third-degree sodomy, Count 3, merges with his guilty verdict for second-degree sexual abuse, Count 2. Further, the trial court's error in that regard is plain. *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (whether an error is plain is determined with reference to the law existing at the time of the appellate decision).

Finally, we exercise our discretion to correct that error for reasons similar to those we explained in *State v. Steltz (A149320)*, 259 Or App 212, 220-21, 313 P3d 312 (2013), *rev den*, 354 Or 840 (2014):

> "First, the error in this case is grave. The presence of [additional convictions for sexual offenses] on defendant's criminal record misstates the nature and extent of the conduct for which the state chose to prosecute him. *See State v. Valladares-Juarez*, 219 Or App 561, 564, 184 P3d 1131 (2008) (considering that factor in assessing whether to address a failure to merge convictions as plain error). Second, although the state may have an interest in avoiding unnecessary proceedings on remand, it has no interest in convicting a defendant twice for the same crime. *Id.* Therefore, the competing interests of the parties weigh in favor of exercising our discretion to correct the error.

Finally, we cannot identify any strategic reason that defendant may have had for not objecting to the trial court's failure to merge the convictions."

Convictions on Counts 2 and 3 reversed and remanded with instructions to enter a judgment of conviction for one count of second-degree sexual abuse on Count 2; remanded for resentencing; otherwise affirmed.