Submitted September 23, reversed and remanded with instructions to merge the guilty verdicts for first-degree robbery and unauthorized use of a vehicle into a single conviction for first-degree robbery and for resentencing; otherwise affirmed October 22, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHAN DAVID ROALSEN,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1200131; A152104

337 P3d 984

Peter Gartlan, Chief Defender, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for first-degree robbery, ORS 164.415, unauthorized use of a vehicle, ORS 164.135, and unlawful use of a weapon, ORS 166.220. He raises three assignments of error. We reject without discussion defendant's first assignment of error and decline to review as plain error his third assignment. We write only to address his second assignment, in which he contends that the trial court plainly erred in failing to merge the guilty verdicts for unauthorized use of a vehicle and first-degree robbery into a single conviction for first-degree robbery. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the record."); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the face of the record); ORS 161.067(1) ("When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations.").

According to defendant, he "was charged with first-degree robbery based on his actual commission of unauthorized use of a vehicle. Moreover, the jury was instructed that one of the elements of the robbery charge was that defendant 'committed unauthorized use of a vehicle.'" Thus, defendant asserts, "all of the elements of the unauthorized use of a vehicle charge were subsumed within the first-degree robbery charge." The state agrees that, "as pleaded and prosecuted" in this case, the crime of unauthorized use of a vehicle "merges into the crime of first-degree robbery." (Boldface omitted.) In particular, because "the indictment expressly incorporates the crime of unauthorized use of a vehicle into the first-degree robbery charge," the state concedes that the trial court plainly erred in failing to merge those two guilty verdicts. We agree, accept the state's concession, and, for the reasons set forth in *State v. Ryder*, 230 Or App 432, 435, 216 P3d 895 (2009), we conclude that it is appropriate to exercise our discretion to correct the error in this case. *See also*

*State v. Camacho-Alvarez*, 225 Or App 215, 216, 200 P3d 613 (2009) ("[I]n the past, we have held that 'failure to merge' errors are apparent on the record and have chosen to exercise our discretion to review and correct those errors[.]").

Reversed and remanded with instructions to merge the guilty verdicts for first-degree robbery and unauthorized use of a vehicle into a single conviction for first-degree robbery and for resentencing; otherwise affirmed.