NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 8 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-30057 |
| Plaintiff-Appellee, | D.C. No. 3:02-cr-00120-BR-1 |
| v. | |
| SID EDWARD WILLIS, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted March 6, 2018[**]
Portland, Oregon

Before:  FISHER, N.R. SMITH, and HURWITZ, Circuit Judges.

Sid Edward Willis, Jr., appeals a 60-month sentence imposed for violation of

the terms of his supervised release. We had previously vacated Willis's sentence for

the supervised release violation and remanded for further proceedings. *United States

v. Willis*, 795 F.3d 986, 997 (9th Cir. 2015). The panel concluded that Or. Rev. Stat.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 166.220(1)(a) is divisible and comprises two offenses, only one of which—the "attempt" offense—is categorically a crime of violence under U.S.S.G. § 7B1.1(a)(1), which defines grades of supervised release violations. *Willis*, 795 F.3d at 991 n.4, 995. On remand, the district court reviewed the evidence adduced at various evidentiary hearings and found that Willis committed the attempt offense and that he had therefore committed a Grade A violation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Both *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Almanza-Arenas v. Lynch*, 815 F.3d 469 (9th Cir. 2016) (en banc), support a conclusion that Or. Rev. Stat. § 166.220(1)(a) is divisible, because Oregon case law and model jury instructions demonstrate § 166.220(1)(a) is a disjunctive list of elements, not means. *See Oregon v. Alvarez*, 246 P.3d 26, 29 (Or. App. 2010); *Oregon v. Cufaude*, 244 P.3d 382, 383-84 (Or. App. 2010). We therefore adhere to the previous panel's determination about divisibility. And, Willis does not contend that, if the statute is divisible, the district court was incorrect in finding that he committed the attempt offense.

2. Willis contends that the district court failed to provide an adequate explanation for his sentence. But, Willis does not address the district court's written resentencing order, instead continuing to challenge the district court proceedings in which his initial sentence, now vacated, was imposed. Because he makes no arguments about the insufficiency of the court's explanation for the renewed

sentence, Willis has waived the issue. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998). In any event, the court's written order is sufficient "to communicate 'that a reasoned decision has been made' and 'permit meaningful appellate review.'" *United States v. Rudd*, 662 F.3d 1257, 1260 (9th Cir. 2011) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)).

**AFFIRMED.**