PER CURIAM
*140 Defendant appeals judgments of conviction arising from two incidents involving the same victim. Defendant was convicted of a variety of crimes, including second-degree assault and unlawful use of a weapon committed against the victim. Defendant raises four assignments of error on appeal. We reject defendant's first three assignments without written discussion. However, because we agree with and accept the state's concession that the trial court erred by failing to merge the guilty verdicts for second-degree assault and unlawful use of a weapon, we reverse and remand for the trial court to merge the verdicts on Counts 9 and 11 and for resentencing, but otherwise affirm.
Defendant's convictions stem from two incidents involving the victim. In the second incident, defendant pressed a pen-knife to the victim's throat. The victim pushed the knife away, and defendant and the victim struggled for control of the knife. During that struggle, the victim had her hand on the knife and defendant pulled it away, cutting the victim's hand.
Defendant was charged with unlawful use of a weapon under ORS 166.220(1)(a) for "[a]ttempt[ing] to use unlawfully against another * * * any dangerous or deadly weapon,"
*459 and with second-degree assault under ORS 163.175(1)(b) for "[i]ntentionally or knowingly caus[ing] physical injury to another by means of a deadly or dangerous weapon." Defendant contends that the trial court plainly erred by failing to merge defendant's guilty verdicts on those charges into a single conviction for second-degree assault.
Defendant did not object to the trial court's failure to merge the verdicts on those charges, but he asserts, and the state concedes, that the court's failure to merge those verdicts constitutes plain error. ORAP 5.45(1). We accept that concession as well founded. See, e.g. , State v. Morton , 110 Or. App. 40, 41, 820 P.2d 463 (1991) (accepting state concession that trial court had erred in failing to merge verdicts for second-degree assault under ORS 163.175 and for unlawful use of weapon under ORS 166.220 ).
We also conclude that it is appropriate for us to exercise our discretion to correct the error in this case.
*141 First, the gravity of the error-the imposition of an additional felony conviction-strongly militates in favor of our exercise of discretion. See, e.g. , State v. Valladares-Juarez , 219 Or. App. 561, 564, 184 P.3d 1131 (2008) (exercising discretion to correct trial court's plain error in failing to merge two first-degree kidnapping verdicts because "the presence of an additional kidnapping conviction on defendant's criminal record misstates the nature and extent of defendant's conduct"). Second, "we cannot identify any strategic reason that defendant may have had for not objecting" to the trial court's failure to merge the verdicts. Id. at 564-65, 184 P.3d 1131. And, third, "the burden on the judicial system in amending its judgment and resentencing defendant is minimal." State v. Camacho-Alvarez , 225 Or. App. 215, 217, 200 P.3d 613 (2009).
Convictions on Counts 9 and 11 reversed and remanded for entry of judgment of conviction for one count of second-degree assault; remanded for resentencing; otherwise affirmed.