Argued and submitted July 6, jurisdictional judgment reversed and remanded for entry of a judgment reflecting adjudications for one count of first-degree sexual abuse and one count of first-degree rape August 18, 2021

In the Matter of S. M. E.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

S. M. E.,
*Appellant.*

Washington County Circuit Court
19JU00599; A172231

497 P3d 327

Erik M Buchér, Judge.

Ginger Fitch argued the cause for appellant. Also on the briefs was Youth, Rights & Justice.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Jurisdictional judgment reversed and remanded for entry of a judgment reflecting adjudications for one count of first-degree sexual abuse and one count of first-degree rape.

**PER CURIAM**

In this juvenile delinquency case, youth appeals a judgment adjudicating him as being within the jurisdiction of the juvenile court for acts that, if committed by an adult, would constitute one count of first-degree rape, ORS 163.375, four counts of first-degree sexual abuse, ORS 163.427, one count of second-degree sexual abuse, ORS 163.425, and four counts of third-degree sexual abuse, ORS 163.415. He asserts 12 assignments of error. We write only to address youth's merger-related assignments of error (11 and 12), and we reject without discussion his other assignments, which challenge the sufficiency of the evidence with regard to each count.

With respect to merger, youth contends that the juvenile court plainly erred by (1) not merging the third-degree sexual abuse counts (Counts 7 through 10) and the first-degree sexual abuse counts (Counts 3 through 6) into a single adjudication for first-degree sexual abuse and (2) not merging the second-degree sexual abuse count (Count 2) with the first-degree rape count (Count 1). Given how the case was pleaded, we agree with youth on both points.

ORS 161.067, the antimerger statute, "applies to delinquency adjudications in the same way that it does to determinations of guilt in criminal cases." *State v. K. R. S.*, 298 Or App 318, 331, 449 P3d 511 (2019). Regarding youth's first contention, in *State v. Nelson*, 282 Or App 427, 429, 386 P3d 73 (2016), we held that the trial court erred in not merging the defendant's guilty verdicts for first- and third-degree sexual abuse into one conviction for first-degree sexual abuse where there was no evidence to support a determination that each instance of sexual contact was separated by a "sufficient pause" to afford the defendant an opportunity to renounce his criminal intent. The same is true here. And, youth's second contention is borne out by *State v. Benson*, 309 Or App 422, 439-40, 483 P3d 689 (2021) (accepting the state's concession that the trial court plainly erred in failing to merge the defendant's guilty verdict for second-degree sexual abuse by sexual intercourse without consent with the guilty verdict for first-degree rape by "forcible compulsion").

Thus, we agree with youth that the counts should have merged as he suggests.

We further conclude that it is appropriate to exercise our discretion to correct those errors, for reasons similar to those expressed in *State v. Ryder*, 230 Or App 432, 435, 216 P3d 895 (2009)—specifically, the gravity of the error due to the presence of additional adjudications on youth's record that misstate the nature and extent of his conduct; there was no indication that youth had strategic reasons for not objecting to the juvenile court's failure to merge the counts; and the burden on the judicial system to correct the judgment is minimal.

Jurisdictional judgment reversed and remanded for entry of a judgment reflecting adjudications for one count of first-degree sexual abuse and one count of first-degree rape.