No. 62          January 29, 2025          575

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

IMELDA CANTU BRADSHAW,
aka Imelda Cantu-Bradshaw,
*Defendant-Appellant.*

Clatsop County Circuit Court
22CR22999, 22CR24201; A181568 (Control), A181569

Dawn M. McIntosh, Judge.

Submitted November 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

ORTEGA, P. J.

In Case Number 22CR22999, convictions for attempted first-degree assault and UUW reversed and remanded for entry of judgment of conviction for attempted first-degree assault; remanded for resentencing; otherwise affirmed. In Case Number 22CR24201, affirmed.

**ORTEGA, P. J.**

In this consolidated appeal, defendant appeals from judgments of conviction in Case Nos. 22CR22999 and 22CR24201. As relevant here, after a bench trial in Case No. 22CR22999, defendant was found guilty of attempted first-degree assault, ORS 163.185 (Count 1), and unlawful use of a weapon (UUW), ORS 166.220 (Count 2).[1]

On appeal, defendant argues—and the state concedes—that the trial court erred when it did not merge her conviction for UUW with her conviction for attempted first-degree assault. We agree and accept the state's concession. Because defendant's conviction for UUW was based on a theory that defendant used—rather than possessed or carried—a weapon, the UUW conviction merges with the attempted first-degree assault conviction. *See, e.g.*, *State v. Zolotoff*, 250 Or App 376, 377-78, 280 P3d 396, *rev den*, 352 Or 666 (2012) (accepting the state's concession that guilty verdicts for attempted first-degree assault and UUW merge when they arise from the same incident and when the UUW charge was predicated on an attempted use theory); *State v. Ryder*, 230 Or App 432, 216 P3d 895 (2009) (accepting the state's concession that the trial court erred in failing to merge the defendant's guilty verdicts for second-degree assault and UUW, where the latter crime was charged as attempting to use a dangerous weapon unlawfully against another).

In Case Number 22CR22999, convictions for attempted first-degree assault and UUW reversed and remanded for entry of judgment of conviction for attempted first-degree assault; remanded for resentencing; otherwise affirmed. In Case Number 22CR24201, affirmed.

---

[1] Defendant does not raise any issues on appeal with regard to Case Number 22CR24201.