## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BENJAMIN LEE EDWARDS,
*Defendant-Appellant.*

Washington County Circuit Court
C083024CR; A144197

281 P3d 675

Peter Gartlan, Chief Defender, and Susan Fair Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Raymond Tindell filed the supplemental brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Presiding Judge, and Haselton, Chief Judge.

BREWER, P. J.

**BREWER, P. J.**

Defendant appeals from judgments of conviction and sentences for six counts of first-degree robbery with a firearm (Counts 1-6), ORS 164.415; four counts of second-degree robbery with a firearm (Counts 7-10), ORS 164.405; first-degree unlawful sexual penetration (Count 10), ORS 163.411; first-degree unlawful sexual penetration with a firearm (Count 11), ORS 163.411; and first-degree assault with a firearm (Count 15), ORS 163.185. Although defendant raises multiple assignments of error, we write only to address his assertions of instructional and sentencing error and reject his remaining contentions without discussion.

Defendant assigns error to the trial court's instruction to the jury that,

> "[a] person who aids or abets another person in committing a crime, in addition to being criminally responsible for the crime that is committed, is also criminally responsible for any act or other crimes that were committed as a natural and probable consequence of the planning, preparation, or commission of the intended crime."

That instruction was based on Uniform Criminal Jury Instruction 1053, the "natural and probable consequences" instruction of accomplice liability. Defendant made no objection to the instruction. Defendant contends that the trial court committed plain error by giving the instruction. In doing so, he asserts that the instruction allowed the jury to convict him of the crimes charged (multiple counts of robbery, unlawful sexual penetration, and assault) without finding that he intended to commit each of those crimes.

Defendant concedes that he did not object to or except to the challenged instruction, but, in light of *State v. Lopez-Minjarez*, 350 Or 576, 260 P3d 439 (2011), he argues that the instruction provided an incorrect statement of the law and requests that we review the claim of error as plain error. In *State v. Alonzo*, 249 Or App 149, 150-51, 274 P3d 889 (2012), we recently addressed a similar argument. We said:

> "Before reaching the plain error analysis, we must determine whether defendant complied with ORCP 59 H(1),

which applies to criminal trials through ORS 136.330(2). Rule 59 H(1) provides, in part:

> " 'A party may not obtain review on appeal of an asserted error by a trial court * * * in giving or refusing to give an instruction to a jury unless the party who seeks to appeal identified the asserted error to the trial court and made a notation of exception immediately after the court instructed the jury.'

> "The rule requires the party asserting an error to make an exception immediately after the court instructs the jury. Failure to except to a jury instruction bars appellate review of an unpreserved objection in two situations: (1) when the trial court delivers an instruction that a party later contends was erroneous; and (2) when the trial court refuses to deliver an instruction that a party requested * * *."

We concluded that that case fell under the first circumstance—the trial court delivered an instruction that the defendant on appeal contended was erroneous, but the defendant did not except to it. Although neither party addressed ORCP 59 H(1), we determined that it applied and that the defendant's assignment of error was unreviewable. *See State v. Phillips*, 242 Or App 253, 258-59, 255 P3d 587 (2011), *rev allowed*, 351 Or 586 (2012) (unpreserved challenge to accomplice liability instruction not subject to plain error review where the defendant did not except to the giving of that instruction). The same conclusion obtains here. Defendant's unpreserved challenge based on *Lopez-Minjarez* is unreviewable under ORCP 59 H(1).

Defendant next argues that the trial court erred when it failed to merge four of the first-degree robbery counts into two convictions, namely by merging Count 1 with Count 5 and Count 4 with Count 6. Defendant argues that two of those counts represented the same acts alleged in two other counts under different theories. Defendant acknowledges that he did not object to the trial court's failure to merge those counts based on that argument. However, defendant asks us to reach this assignment as error apparent on the face of the record.

ORS 164.415(1) provides three alternative ways that a person may commit robbery in the first degree:

"A person commits the crime of robbery in the first degree if the person violates ORS 164.395 and the person:

"(a)   Is armed with a deadly weapon;

"(b)   Uses or attempts to use a dangerous weapon; or

"(c)   Causes or attempts to cause serious physical injury to any person."

Viewed in the light most favorable to the state, defendant committed robbery in the first degree under ORS 164.415(1)(a) as alleged in Count 1 when he robbed the victim, H, while armed with a firearm. He committed robbery in the first degree under ORS 164.415(1)(c) as alleged in Count 5 when he caused serious physical injury to H. Defendant committed similar acts in Counts 4 and 6 against a different victim, R. The trial court entered separate convictions on all four counts.

Separate convictions are appropriate under ORS 161.067(1) if the following conditions are met: "(1) the defendant engaged in acts that constituted 'the same conduct or criminal episode,' (2) the defendant's acts violated 'two or more statutory provisions,' and (3) each statutory provision requires 'proof of an element that the others do not.'" *State v. White*, 346 Or 275, 279, 211 P3d 248 (2009) (quoting *State v. Crotsley*, 308 Or 272, 278, 779 P2d 600 (1989)). If all three conditions are met, separate convictions are appropriate even when they arise out of a single criminal episode and involve a single victim.

In this case, the state concedes that a single robbery occurred with respect to each victim and that the legislature intended subsections (1)(a) and (1)(c) to constitute alternative theories of a single crime rather than multiple crimes. That concession is well taken. In *White*, the court held that the alternative methods of committing robbery in the second degree under ORS 164.405, namely, representing by word or conduct that the defendant is armed with what purports to be a dangerous or deadly weapon, or, alternatively, being aided by another person actually present, constituted a single crime. The court concluded that the legislature intended the three degrees of robbery to constitute incremental classifications based on aggravating

factors that indicated the perceived or actual threat to the victim. *White*, 346 Or at 287-88.

Robbery in the first degree represents the highest level of threat, requiring that the defendant (1) was armed with a deadly weapon, (2) used or attempted to use a dangerous weapon, or (3) caused or attempted to cause serious physical injury to someone. *Id.* at 288. The subparagraphs in ORS 164.415(1) define a legislatively perceived threat of potential violence in the same way that the subparagraphs in ORS 164.405(1) define the perceived threat of potential violence. *Id.* at 289-90. Therefore, we conclude that the subparagraphs in ORS 164.415(1) define a single crime for the same reason that the court in *White* held that the subparagraphs in ORS 164.405(1) define a single crime.

We agree with defendant that the trial court's failure to merge the challenged convictions constitutes error apparent on the face of the record. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (in determining whether a claimed error constitutes "plain error" we consider (1) whether the error is one of law; (2) whether it is obvious and not reasonably in dispute; and (3) whether it appears on the face of the record without requiring the court to choose between competing inferences); *see also State v. Lepierre*, 235 Or App 391, 232 P3d 982 (2010) (reviewing as plain error the trial court's improper failure to merge into a single conviction guilty verdicts on multiple burglary charges).

In deciding whether to exercise our discretion to correct the errors, we consider:

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given the opportunity to correct any error."

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). In addition, we consider the "possibility that [a] defendant made a strategic choice not to object" and

the "interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings[.]" *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007).

Here, those considerations support the exercise of our discretion to correct the trial court's error in failing to merge the four challenged first-degree robbery convictions into two convictions, one for each victim.

"First, the error in this case is grave; the presence of * * * additional * * * conviction[s] on defendant's criminal record misstates the nature and extent of defendant's conduct and could have significant implications with regard to any future calculation of his criminal history. Second, although the state may have an interest in avoiding unnecessary resentencing proceedings, * * * it has no interest in convicting a defendant [multiple times] for the same crime."

*State v. Valladares-Juarez*, 219 Or App 561, 564, 184 P3d 1131 (2008) (discussing merger of kidnapping convictions). Furthermore, we perceive neither a strategic reason that defendant may have had for not objecting to the entry of separate convictions nor a reason that the ends of justice would not be served by "ensuring that defendant's criminal record accurately reflects the crimes for which he has been convicted." *Id.* at 565. Accordingly, we exercise our discretion to correct the sentencing errors with respect to the first-degree robbery convictions.

Reversed and remanded for (1) merger of convictions for first-degree robbery on Counts 1 and 5 into a single conviction for first-degree robbery reflecting that defendant was found guilty on both theories, (2) merger of convictions for first-degree robbery on Counts 4 and 6 into a single conviction for first-degree robbery reflecting that defendant was found guilty on both theories, and for resentencing; otherwise affirmed.