**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. CHRISTOPHER ROBERT LAWRENCE, *Defendant-Appellant.* | No. 17-30061 D.C. No. 2:13-cr-00001-SEH-1 |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. KELLY DAVID ANKENY, SR., *Defendant-Appellant.* | No. 17-35138 D.C. Nos. 3:16-cv-01013-MO 3:04-cr-00005-MO-1 CERTIFICATION OF QUESTIONS OF LAW |

Filed September 18, 2018

Before:  Kim McLane Wardlaw and John B. Owens, Circuit Judges, and Joan Lefkow,* District Judge.

Order

## SUMMARY**

### Criminal Law/28 U.S.C. § 2255

In a direct criminal appeal and an appeal from the denial of a motion to vacate a sentence, the panel certified to the Oregon Supreme Court the following questions:

>    1.  Is Oregon first-degree robbery, Or. Rev. Stat. § 164.415, divisible?

>    2.   Is Oregon second-degree robbery, *id.* § 164.405, divisible?

>    3.   Put another way, is jury unanimity (or concurrence) required as to a particular theory chosen from the listed subparagraphs of each statute?

---

* The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Michael Donahoe (argued), Deputy Federal Public Defender; Anthony R. Gallagher, Federal Defender; Federal Defenders of Montana, Helena, Montana; for Defendant-Appellant Christopher Robert Lawrence.

Susan F. Wilk, Assistant Federal Public Defender, Portland, Oregon, for Defendant-Appellant Kelly David Ankeny, Sr.

Timothy Tatarka (argued) and Jared C. Cobell, Assistant United States Attorneys; Kurt G. Alme, United States Attorney; United States Attorney's Office, Billings, Montana; Thomas H. Edmonds (argued), Assistant United States Attorney; Kelly A. Zusman, Appellate Chief; Billy J. Williams United States Attorney; United States Attorney's Office, Portland, Oregon; for Plaintiff-Appellee United States.

**ORDER**

The issue for decision in these consolidated cases is whether Oregon first-degree robbery (Or. Rev. Stat. § 164.415) (Robbery I) and Oregon second-degree robbery (*id.* § 164.405) (Robbery II) are "divisible" for purposes of determining whether each is a "crime of violence" or "violent felony" under provisions of federal sentencing law.[1] Resolution of the issue is determinative of the outcome in the pending cases before this court, and we cannot discern the answer to the question from the Oregon Supreme Court's precedent. Accordingly, we respectfully request that the

---

[1] Oregon statutes provide an incrementally graded set of standards for determining the seriousness of different forms of robbery. Third-degree robbery (Robbery III) occurs "if in the course of committing or attempting to commit theft . . . [a] person uses or threatens the immediate use of physical force upon another person with the intent of: (a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or (b) [c]ompelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft." Or. Rev. Stat. § 164.395(1).

A person commits Robbery I if the person commits Robbery III and (a) is armed with a deadly weapon; (b) uses or attempts to use a dangerous weapon; or (c) causes or attempts to cause serious physical injury to any person. *Id.* § 164.415(1). A person commits Robbery II if the person commits Robbery III and (a) represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or (b) is aided by another person actually present. *Id.* § 164.405(1).

In *United States v. Strickland*, we held that Robbery III does not require "violent force" and is therefore not a "violent felony" under the Armed Career Criminal Act (ACCA). 860 F.3d 1224, 1227–28 (9th Cir. 2017).

Oregon Supreme Court determine whether, under Oregon law, §§ 164.415 and 164.405 are divisible under the United States Supreme Court doctrines discussed below.

## I.  Factual and Procedural Background

### A.  Christopher Robert Lawrence

Lawrence, pursuant to a plea agreement, pleaded guilty to a charge of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The district court, applying United States Sentencing Guideline (U.S.S.G.) § 2K2.1(a)(4)(A),[2] determined that a base offense level of 20 was appropriate because Lawrence had a prior conviction for Oregon Robbery I, which the court determined qualified as a "crime of violence" as defined by U.S.S.G. § 4B1.2(a).[3] The court came to this determination by looking to § 4B1.2(a)(1) (the force clause) rather than analyzing the prior robbery conviction under § 4B1.2(a)(2) (the enumerated felonies clause). The court then adjusted the base level (for reasons not relevant here), concluding that Lawrence's adjusted offense level was 19. With a level III criminal history

---

[2] U.S.S.G. § 2K2.1(a)(4)(A) states that the base offense level is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."

[3] U.S.S.G. § 4B1.2(a) defines a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, [*known as the force clause or the elements clause*] or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c) [*known as the enumerated felonies clause*]."

category, the guidelines sentencing range was 37–46 months of imprisonment, and the district court sentenced Lawrence to 46 months in prison to be followed by three years of supervised release. This appeal followed.

The Robbery I conviction underlying the "crime of violence" finding arose from a multi-count information charging, based on a single incident, "robbery in the first degree with a firearm" ("used and threatened the use of a firearm") and acting with a codefendant to commit "robbery in the first degree" ("armed with a deadly weapon, to wit: a handgun"). For sentencing, the court merged the two convictions to robbery in the first degree with a firearm.

## B.  Kelly David Ankeny

Ankeny was sentenced under the Armed Career Criminal Act (ACCA)[4] to 188 months' imprisonment on a felon-in-possession conviction and 120 months' imprisonment for possession of an unregistered sawed-off shotgun count, to run concurrently.

Ankeny moved to vacate his sentence after the United States Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), that ACCA's "residual clause" is unconstitutionally vague. The district court denied the motion, ruling that, even without the residual clause,

---

[4] 18 U.S.C. § 924(e) provides: "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years."

Ankeny's prior Robbery II conviction was a "violent felony" under ACCA's "force clause."[5] This appeal followed.

## II. Governing Federal Law

To determine whether a defendant's prior conviction is a "violent felony" under ACCA's force clause or a "crime of violence" under the U.S.S.G.'s force clause, we apply the "categorical approach" first outlined in *Taylor v. United States*, 495 U.S. 575 (1990), and later clarified in *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Under this approach, we first ask "whether the elements of the crime of conviction sufficiently match the elements of [the generic crime]." *Mathis*, 136 S. Ct. at 2248. In other words, we ask whether the elements of Oregon Robbery I (or II) match the elements of robbery in "the generic sense in which the term is now used in the criminal codes of most States." *Taylor*, 495 U.S. at 598. In doing so, we look "only to the fact of conviction and the statutory definition of the prior offense," not to the defendant's actions underlying the conviction. *United States v. Gomez-Hernandez*, 680 F.3d 1171, 1174 (9th Cir. 2012)

---

[5] ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the force clause or the elements clause*]; or (ii) is burglary, arson, or extortion, involves use of explosives [*known as the enumerated felonies clause*], or otherwise involves conduct that presents a serious potential risk of physical injury to another [*known as the residual clause*]." 18 U.S.C. § 924(e)(2)(B).

(quoting *United States v. Espinoza-Cano*, 456 F.3d 1126, 1131 (9th Cir. 2006)).

If the statute punishes a broader range of conduct than the generic offense (is "overbroad"),**[6]** and is "thus not a categorical match, we next ask whether the statute's elements are also an indivisible set," *United States v. Arriaga-Pinon*, 852 F.3d 1195, 1199 (9th Cir. 2017), or are divisible. "To be divisible, a state statute must contain 'multiple, alternative elements of functionally separate crimes.'" *United States v. Dixon*, 805 F.3d 1193, 1196 (9th Cir. 2015) (emphasis omitted) (quoting *Rendon v. Holder*, 764 F.3d 1077, 1085 (9th Cir. 2014)). A statute is not divisible simply because it is worded in the disjunctive; rather, we "must determine whether a disjunctively worded phrase supplies 'alternative elements,' which are essential to a jury's finding of guilt, or 'alternative means,' which are not." *Id.* at 1198. If a statute contains alternative elements (is divisible), a prosecutor "must generally select the relevant element from its list of alternatives. And the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt." *Id.* (quoting *Descamps*, 133 S. Ct. at 2290).**[7]** "But if a statute

---

**[6]** For purposes of this analysis, we assume that Oregon's Robbery I statute criminalizes conduct that is broader than that covered by the force clause, making the statute overbroad.

**[7]** In *Descamps*, for example, where California burglary included entry into a building *or* an automobile, the Court explained, "In a typical case brought under the statute, the prosecutor charges one of those two alternatives, and the judge instructs the jury accordingly." 570 U.S. at 261–62. In contrast, in *United States v. Cisneros*, 826 F.3d 1190, 1195 (9th Cir. 2016), we held that the Oregon burglary statute is indivisible in reference to the element of unlawful entry into a "building" because "[t]he text of the statute does not suggest that a trier of fact must specify which alternative applies for any given conviction."

contains only alternative means [(is indivisible)], a jury need not agree as to *how* the statute was violated, only that it was." *Id.* If "'a state court decision definitively answers the question,' or if 'the statute on its face . . . resolve[s] the issue,'" our analysis ends. *United States v. Martinez-Lopez*, 864 F.3d 1034, 1046 (9th Cir. 2017) (quoting *Mathis*, 136 S. Ct. at 2256).

Where the statute is indivisible, it is not possible to identify the crime of conviction, so the court cannot compare the crime of conviction to the generic offense, and the conviction cannot serve as an ACCA predicate. *Descamps*, 570 U.S. at 264–65. If the statute is divisible, however, "then the modified categorical approach applies and 'a sentencing court looks to a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of.'" *Arriaga-Pinon*, 852 F.3d at 1199 (quoting *Mathis*, 136 S. Ct. at 2249). If that crime falls within the generic federal definition, then the defendant's conviction qualifies as a violent felony or a crime of violence. *United States v. Robinson*, 869 F.3d 933, 936 (9th Cir. 2017). "State cases that examine the outer contours of the conduct criminalized by the state statute are particularly important because we "must presume that the [offense] rest[s] upon nothing more than the least of the acts criminalized" and then determine whether even those acts are encompassed by the generic federal offense. *United States v. Strickland*, 860 F.3d 1224, 1226–27 (9th Cir. 2017) (citation omitted).

This case turns on the second step of our analysis, namely whether §§ 164.415 and 164.405 are divisible and thereby susceptible to the modified categorical approach. We are not able to discern guidance from Oregon case law sufficient to resolve the issue.

### III.     Parties' Arguments

Lawrence argues that Robbery I is indivisible such that the modified categorical approach is not applicable, and, therefore, Robbery I is not a crime of violence. He relies on *State v. Edwards*, 281 P.3d 675 (Or. Ct. App. 2012), as establishing that Robbery I is indivisible.[8] At issue in *Edwards* was whether the trial court erred by not merging four counts of Robbery I into two counts of Robbery I for sentencing purposes. *Id.* at 677.  The court held that, where the defendant was convicted of third-degree robbery plus alternatives (a) and (c), he committed but one crime of first-degree robbery, and the counts charging (a) and (c) separately should have been merged for sentencing.

In reaching its conclusion, the court relied on *State v. White*, 211 P.3d 248, 257 (Or. 2009), which held that a defendant who committed both enhancing elements of second-degree robbery in a single incident violated a single statutory provision for purposes of Oregon's anti-merger statute, Or. Rev. Stat. § 161.067(1). In *White*, the court looked at whether the state legislature intended to define a single crime of second-degree robbery—a crime with two enhancing conditions—or two separate crimes for purposes of deciding whether to merge two guilty verdicts, one for each enhancing condition, and concluded that one was intended. 211 P.3d at 253–57.

The government, for its argument that the statute is divisible, relies on *State v. Boots*, 780 P.2d 725, 728–29 (Or. 1989) and *State v. Pipkin*, 316 P.3d 255, 259 (Or. 2013).

---

[8] Unlike the parties in *Lawrence*, the parties in *Ankeny* concede that Robbery II is divisible. The *Ankeny* parties offer no substantive discussion of whether Robbery II is divisible.

*Boots* held that an instruction that did not require the jury to unanimously agree on one of two alternative elements (or both) of aggravated murder was contrary to the unanimous verdict requirement of Oregon law. *See* 780 P.2d at 728–29. *Pipkin* interpreted *Boots* as holding that "each aggravating circumstance is a separate element and, as such, requires jury unanimity." 316 P.3d at 259. As such, the government argues Oregon law is clear that Robbery I is divisible because the jury must be unanimous in finding that the defendant committed a specific aggravating element of the statute (or more than one). The government reinforces its argument with Oregon's Uniform Criminal Jury Instructions for robbery, noting that while the instructions contain an intent element (element 4) that is formulated in the disjunctive (intent of preventing/overcoming resistance *or* compelling to deliver), the aggravating element (element 5), contains no such disjunctive. From this, the government concludes that a jury must find the chosen aggravating element unanimously and beyond a reasonable doubt, and thus Robbery I is divisible.

In our view, *White* leaves ambiguous the question of whether the robbery statute is divisible or indivisible. *White* first refers to the enhancing conditions of Robbery II as separate "elements" but later determines that the two elevating conditions constitute "a single crime." 211 P.3d at 254, 257. *Edwards*, *White*, *Boots*, and Oregon's Uniform Criminal Jury Instructions for robbery seemingly stand in conflict when considering whether Robbery I and Robbery II are divisible. Without further guidance, we cannot say with confidence that Oregon precedent definitively answers the question whether Robbery I and II are divisible. *See also State v. Martinez, Jr.*, 348 P.3d 285, 289 n.4 (Or. Ct. App. 2015) (acknowledging "some tension in the [Oregon]

Supreme Court's case law" as set out in *Boots*, *Pipkin*, and *State v. Barrett*, 10 P.3d 901 (Or. 2000)).

## IV.     Certified Questions and Further Proceedings

When engaging in a divisibility inquiry, we look to authoritative sources such as state court decisions and the wording of the relevant state statute. *See Mathis*, 136 S. Ct. at 2256. With these principles in mind, we respectfully certify the following questions to the Oregon Supreme Court:

> 1.  Is Oregon first-degree robbery, Or. Rev. Stat. § 164.415, divisible?
>
> 2.  Is Oregon second-degree robbery, *id.* § 164.405, divisible?
>
> 3.  Put another way, is jury unanimity (or concurrence) required as to a particular theory chosen from the listed subparagraphs of each statute?

We respectfully ask the Oregon Supreme Court to exercise its discretionary authority under Oregon's Uniform Certification of Questions of Law Act to accept and decide these questions. *See* Or. Rev. Stat. §§ 28.200–28.255. "Our phrasing of the questions should not restrict the Court's consideration of the issues involved. We acknowledge that the Court may reformulate the relevant state law questions as it perceives them to be, in light of the contentions of the parties," *Raynor v. United of Omaha Life Ins. Co.*, 858 F.3d 1268, 1273 (9th Cir. 2017), and "[w]e agree to abide by the decision of the Oregon Supreme Court," *Doyle v. City of Medford*, 565 F.3d 536, 544 (9th Cir. 2009). If the court determines that the questions presented in this case are

inappropriate for certification, or if it declines the certification for any other reason, we will resolve the questions according to our best understanding of Oregon law.

The Clerk will file a certified copy of this order with the Oregon Supreme Court pursuant to Or. Rev. Stat. § 28.215. This appeal is withdrawn from submission and will be resubmitted following the conclusion of proceedings in the Oregon Supreme Court. The Clerk is directed to administratively close this docket, pending further order. We retain jurisdiction over any further proceedings in this court. The parties will notify the Clerk within one week after the Oregon Supreme Court accepts or rejects certification and again within one week after that court renders an Opinion.

_____

Kim McLane Wardlaw, Circuit Judge